**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Wesley LEE, Jr., Defendant–Appellant.**

**No. 92–6229.**

United States Court of Appeals, Tenth Circuit.

March 18, 1993.

378

John H. Hancock, Norman, OK, for defendant-appellant.

Edward J. Kumiega, Asst. U.S. Atty. (Joe L. Heaton, U.S. Atty., with him on the brief), Oklahoma City, OK, for plaintiff-appellee.

Before BALDOCK and KELLY, Circuit Judges, and OWEN,[*] District Judge.

BALDOCK, Circuit Judge.

Defendant John Wesley Lee, Jr. appeals the district court's denial of his request for an evidentiary hearing to determine whether he was entitled to a downward departure at sentencing for providing substantial assistance to the government. U.S.S.G. § 5K1.1. We have jurisdiction under 18 U.S.C. § 3742(a)(1).

[*] The Honorable Richard Owen, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

Defendant entered into a plea agreement with the government which provided that Defendant would plead guilty to bank robbery and cooperate with the government in the investigation and prosecution of others involved in criminal activity. In exchange, the government agreed to file no further charges against Defendant and to advise the sentencing court of the extent of his cooperation. The plea agreement said nothing about an obligation on the part of the government to file a motion for downward departure based on Defendant's substantial assistance. In fact, the plea agreement disclaimed any such agreement, stating that "no agreement exists concerning a sentencing departure under the Sentencing Guidelines." However, at some time between the beginning of plea negotiations and sentencing, the two Assistant United States Attorneys prosecuting Defendant's case informed Defendant and his attorney that the Downward Departure Committee [1] would evaluate Defendant's assistance, and if they found it to be substantial, the government would file a § 5K1.1 motion asking the court to depart below Defendant's guideline range.

Defendant points out that he appeared before the Federal Grand Jury on two occasions, testifying about the bank robberies and drug activities of two individuals and testifying about a major heroin and cocaine trafficking organization located in Fort Worth, Texas. Prior to sentencing, the Assistant United States Attorneys prosecuting Defendant's case submitted a request to the Downward Departure Committee, asking the Committee to approve the filing of the § 5K1.1 motion. The Committee, taking into account Defendant's criminal record, rejected the request.

■■■ Section 5K1.1, by its express terms, conditions the district court's consideration of a defendant's substantial assistance claim upon a prior motion of the government. U.S.S.G. § 5K1.1; [2] *United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992). The government's motion "is an unequivocal condition precedent[, and] the court may not act sua sponte" to determine that a defendant provided substantial assistance. *United States v. Vargas*, 925 F.2d 1260, 1267 (10th Cir.1991). This condition precedent limits the district court's authority and "gives the government a power, not a duty, to file a § 5K1.1 motion when a defendant has substantially assisted." *Wade v. United States*, ── U.S. ──, ──, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).

■■■ Federal district courts have the authority to review a prosecutor's discretionary refusal to file a substantial assistance motion in only three instances. *See United States v. Easter*, 981 F.2d 1549, 1554 (10th Cir.1992) (government's power under § 5K1.1 is exclusive); *United States v. Long*, 936 F.2d 482, 483 (10th Cir.), *cert. denied*, ── U.S. ──, 112 S.Ct. 662, 116 L.Ed.2d 753 (1991) (district courts are jurisdictionally barred from evaluating substantial assistance of defendant absent motion by government). District courts can review the government's refusal to move pursuant to § 5K1.1 only if the refusal violates an agreement with the government, *Wade*, ── U.S. at ──, 112 S.Ct. at 1843,[3] if the refusal was based on an unconstitutional motive, *id.* at ──, 112 S.Ct. at 1844, or "in an egregious case ... where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the ac-

1. The Western District of Oklahoma's United States Attorneys Office created the Downward Departure Committee which consists of the United States Attorney and the Criminal Section supervisory staff. This Committee must approve each § 5K1.1 downward departure motion before the motion can be made by the prosecuting Assistant United States Attorney in a specific case. Because Defendant does not challenge the delegation of prosecutorial discretion to the Downward Departure Committee, we decline to address whether this delegation is permissible under the Sentencing Guidelines.

2. U.S.S.G. § 5K1.1 states in relevant part:

   Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

3. *See also Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (a guilty plea induced by an unkept bargain is involuntary).

cused's assistance has been so substantial as to cry out for meaningful relief," *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir.1990). When a Defendant asserts that the government breached an agreement that leaves discretion to the prosecutor, the district court's role is limited to deciding whether the government made the determination in good faith. *United States v. Robinson*, 978 F.2d 1554, 1569 (10th Cir.1992).

▮ In the district court, Defendant asserted only that the government's refusal to file a § 5K1.1 motion was based on unconstitutional motives in violation of *Wade,* —— U.S. at ——, 112 S.Ct. at 1844, and that Defendant's assistance was so substantial that it cried out for relief under *Kuntz,* 908 F.2d at 657. On appeal in this court, Defendant abandons the two arguments he made below and asserts only that the government breached its promise to make a substantial assistance motion if Defendant's assistance was in fact "substantial." Defendant asserts that the government made its discretionary determination in bad faith in that the government considered Defendant's extensive criminal record as well as the extent of his assistance, without disclosing to Defendant that his criminal record would be considered. After reviewing the record, we decline to address this argument because it was not adequately raised below and therefore, was not preserved for appeal.[4] *United States v. Dewitt,* 946 F.2d 1497, 1499 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1233, 117 L.Ed.2d 467 (1992) (issue not raised below is waived). Moreover, we will not review for plain error. Plain error review is not appropriate when the alleged error involves the resolution of factual disputes, such as whether the government acted in good faith. *See Easter,* 981 F.2d at 1554; (citing *United States v. Saucedo,* 950 F.2d 1508, 1518–19 (10th Cir.1991)).

AFFIRMED.

▮

---

**4.** Although defense counsel made two or three vague references to "bad faith" during the sentencing hearing, defense counsel in no way pre-sented the argument he makes here to the district court.