UNITED STATES of America, Plaintiff, Appellee,

v.

Ana Ivette MORALES, Defendant, Appellant.

No. 94-2045.

United States Court of Appeals, First Circuit.

Heard April 7, 1995.

Decided April 18, 1995.

Carey R. Dunne, orally; John P. Cooney, Jr., by appointment of the Court, with whom Karen V. Walker, New York City, was on brief, for appellant.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., Hato Rey, PR, with whom Guillermo Gil, U.S. Atty., Washington, DC, was on Motion Requesting Summary Affirmance, for appellee.

Before CYR, Circuit Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

■ In October 1990 defendant Ana Ivette Morales was arrested in Puerto Rico, with others, importing drugs. She was sentenced on a guilty plea, and engaged to some extent in cooperating with the government. In 1994 one of her associates was indicted and her substantial cooperation, pursuant to a supplemental plea agreement, resulted in his conviction. The court rejected, however, the government's motion for the reduction of her sentence therefor under Fed.R.Crim.P. 35(b), holding that it was without jurisdiction[1] to grant the requested relief because this cooperation took place more than a year after sentencing and was based upon information she possessed from the beginning. Under the rule such cooperation cannot be considered unless the information was "not known" to the defendant until one year or more after imposition of the sentence.[2] The district court read "not known" literally; we read it more broadly.

Rule 35(b) has gone through a series of liberalizations. The time limit was originally but 60 days, then 120 days, then one year; and, at first not only the government's motion, but even the court's order had to be entered within the time limit. *See* Fed. R.Crim.P. 35, 18 U.S.C.A., and amendments thereto, 1966, 1987, 1991. Until now, the concept was limited to cooperation before, or soon after, the sentencing. At issue is the exception to the one year time bar introduced in 1991.

■ Manifestly, the purpose for denying value to retained knowledge is to induce immediate full disclosure. If, however, a defendant had not disclosed information simply because she was not asked, or was otherwise unaware of its value, there is no reason she should be restricted; nothing would be served by rejecting later use when a value became apparent. Rather, to deny a benefit to late disclosure in such circumstances would be contrary to the rule's purpose. The Advisory Committee notes to the 1991 amendment speak of information "useful to the government." This appears to be a novel question, but we hold that until becoming aware of its value, or being specifically asked, a defendant cannot be said to "know" useful information.

On this reading of the rule the court, upon proper findings, could have jurisdiction to grant relief. We, accordingly, reverse the denial of the motion and remand for further proceedings consistent herewith.

---

**1.** *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979).

**2.** (b) REDUCTION OF SENTENCE FOR CHANGED CIRCUMSTANCES. The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. Fed.R.Crim.P. 35(b), 18 U.S.C.A. (1991).