UNITED STATES COURT OF APPEALS

**Filed 4/22/96**                    TENHT CIRCUIT

_____

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff-Appellee,      )
                                   )
     v.                            )          No. 95-3140
                                   )       (D.C. No. 93-10020-07)
                                   )             (D. Kan.)
ANTHONY P. FEHER,                  )
                                   )
          Defendant-Appellant.     )

_____

ORDER AND JUDGMENT[*]

_____

Before BALDOCK, BRISCOE, and MURPHY, Circuit Judges.

_____

Defendant, Anthony P. Feher, appeals the district court's denial of his motion to compel the government to file a Rule 35 motion and also the denial of that motion without an evidentiary hearing. We affirm.

Feher entered into a plea agreement prior to entry of his guilty plea on November 18, 1993. In exchange for his plea of guilty to one count, the government agreed to dismiss the remaining counts at the time of sentencing and to make various sentencing recommendations. The government further agreed to file a motion pursuant to U.S.S.G. § 5K1.1 recommending Feher receive a 36-month sentence for his substantial assistance during the prosecution of his codefendant, Clayton Albers. Feher testified at the Albers trial, but the jury was unable to reach a unanimous verdict. The government nonetheless

_____

  * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

fulfilled its side of the plea agreement, including its agreement to file a motion pursuant to § 5K1.1. However, the court did not follow the government's recommendation and sentenced Feher to 60 months' imprisonment. Although Feher was returned from prison at the government's request to testify at the second Albers trial, the prosecutor decided not to call Feher as a witness because of his demeanor and lack of knowledge of Albers' involvement in the drug conspiracy in question.

Feher contends he had an oral agreement with the government that as long as he was truthful and did what was asked of him the government would file another Rule 35 motion on his behalf. He argues he was willing to testify at the second Albers trial, but was not called. He further argues the government's refusal to file a motion on his behalf was arbitrary because the government filed motions on behalf of all other codefendants who were called to testify.

Under the plain terms of U.S.S.G. § 5K1.1, the district court obtains the authority to depart downward once the government submits a motion requesting downward departure due to defendant's substantial assistance to authorities. Specifically, § 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." The triggering mechanism for the court's departure authority, therefore, is the "motion of the government." If the government does not submit a motion requesting downward departure under § 5K1.1, the court lacks jurisdiction to depart. See e.g. United States v. Gines, 964 F.2d 972, 978 (10th Cir. 1992) ("Lack of a governmental motion pursuant to section 5K1.1 is a jurisdictional bar to downward departure from the guidelines."), cert.

2

denied 506 U.S. 1069 (1993). District courts can review the government's refusal to file a substantial assistance motion pursuant to § 5K1.1 if the refusal violates an agreement with the government, if the refusal was based on an unconstitutional motive, or in an egregious case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance was so substantial as to cry out for meaningful relief. See United States v. Lee, 989 F.2d 377, 379-80 (10th Cir. 1993).

When the first of these three tests is applied to the present case, we find no evidence of an agreement between Feher and the government that pertained to his cooperation in the second Albers trial. Second, we find no basis in the record for concluding the government's refusal to file a second motion on Feher's behalf was based upon an unconstitutional motive. Finally, Feher has not established his assistance in the second trial was substantial or that his request for sentence reduction "cries out for relief." Feher's assertion that motions were filed on behalf of all other codefendants who were called to testify is not borne out by the record. The government did not file a Rule 35 motion on behalf of James Randa, who like Feher was returned from prison to testify at the second Albers trial but was not used after he was interviewed.

The district court's denial of Feher's motion to compel the government to file a Rule 35 motion and its denial of the motion without an evidentiary hearing is AFFIRMED.

Entered for the court

Mary Beck Briscoe
Circuit Judge

3