**UNITED STATES of America,**

v.

**Ronald A. KOPP, Movant.**

**Civil Action No. 93–20096–04–EEO.
No. 97–3187–EEO.**

United States District Court,
D.Kansas.

Aug. 15, 1997.

Ronald A. Kopp, Boron, CA, Pro Se.

Larry C. Pace, Office of Federal Public Defender, Kansas City, MO, Thomas J. Bath Jr., Bath Law Offices, Overland Park, KS, for Defendant.

Leon J. Patton, Office of U. S. Attorney, Kansas City, KS.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on the following motions of Ronald A. Kopp:

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 167); and

Application for Appointment of Counsel (Doc. # 169).

The government has filed a response to the section 2255 motion, Kopp has filed a reply, and the government has filed a surreply. The government has filed no response to the application for appointment of counsel, and the time for response has passed.

Kopp files this section 2255 motion on the grounds that he is entitled to a sentence reduction for his substantial assistance in the prosecution and conviction of a criminal defendant in another case.

The following facts have been gleaned from the record, and are essentially uncontested. On July 5, 1994, pursuant to a plea agreement, Kopp pled guilty in this court to one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and one count of aiding and abetting, 18 U.S.C. § 2. He was sentenced to seventy months incarceration. In February 1996, Kopp was transferred from Federal Prison Camp BORON to the Metropolitan Correctional Cen-

ter San Diego, to assist in the investigation of another criminal defendant. Kopp spoke with an agent with the Federal Bureau of Investigation and provided substantial assistance to the agent. Kopp also testified at the trial of the other defendant in July 1996.

As a result of Kopp's substantial assistance, on July 24, 1996, Todd Robinson, the Assistant United States Attorney ("AUSA") in charge of the San Diego prosecution, wrote a letter to Leon Patton, the AUSA responsible for the earlier prosecution of Kopp in this court. In that letter, he stated:

Dear Leon,

I am writing to request that your office file a Rule 35 motion on behalf of Ronald Kopp, who testified against [a] defendant ... here in the Southern District of California. Mr. Kopp's testimony was instrumental in establishing [the] defendant's desire to keep shipping marijuana from California to Kansas City to make up for the organization's losses stemming from the December, 1993, marijuana seizures prosecuted by your office. It is my belief that Mr. Kopp's testimony, coupled with the other evidence introduced against defendant ... will compel the court to sentence defendant ... to a 240 month term of incarceration.

As you are aware, my case against defendant ... was largely based on the cooperation of the individuals you prosecuted in Kansas City. In debriefing those cooperators, it was apparent that Mr. Kopp's involvement in the marijuana trafficking conspiracy was limited to driving the one marijuana load he and Tom Downey were caught with. As all of the other defendants have now been released from custody, my recommendation is that the Government ask the Court to reduce Mr. Kopp's sentence accordingly. Of course, I have made no representations to Mr. Kopp or his attorney, Charles Duff, as to what, if any, reduction in sentence he might receive.

Exhibit A to Doc. # 167.

AUSA Patton has refused to file a motion seeking reduction of sentence for substantial assistance under Federal Rules of Criminal Procedure 35(b). He asserts that the court is without jurisdiction to entertain such a motion, because "the information [Kopp provided in the San Diego investigation and prosecution] was not provided within one year of sentencing or within one year after the information became known to the defendant." Government's Response Brief, at 2.

Federal Rule of Criminal Procedure 35(b) provides:

The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

■ Federal district courts have authority to review a prosecutor's discretionary refusal to file a Rule 35(b) motion in three narrow instances: (1) if the refusal violates an agreement with the government, *see, Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992); (2) if the refusal was based on an unconstitutional motive, *id.,* at 185–86, 112 S.Ct. at 1843–44; or (3) "in an egregious case, where the prosecutor stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," *United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990). *United States v. Lee,* 989 F.2d 377, 379–80 (10th Cir.1993).

Kopp is not asserting that there was an agreement with the prosecutor. Kopp represents that he provided assistance when

asked, and without an expressed *quid pro quo.* Instead, Kopp invokes the second two bases for review of the prosecutor's refusal to file a Rule 35(b) motion.

■ Kopp contends that the prosecutor's decision was based on an unconstitutional motive, because "AUSA Patton has stated to petitioner's father that the reason that he is refusing to make the appropriate motion was that the petitioner 'filed an appeal and made his life more difficult.'" Kopp's Reply Brief, at 3. Such allegation, if proved, could support a finding that the prosecutor's refusal to move for a reduction of sentence under Rule 35(b) was not "rationally related to any legitimate Government end," *Wade v. United States,* 504 U.S. at 182, 112 S.Ct. at 1842, but instead resulted from Kopp's exercise of a right to appeal what Kopp believed to be a mistake by the lower court. We find that Kopp has met the substantial threshold showing of improper motive required by *Wade v. United States,* 504 U.S. at 181, 185, 112 S.Ct. at 1841, 1843–44. He has alleged and pointed to evidence tending to show that the Government refused to file a motion for suspect reasons. *Id.* at 182, 112 S.Ct. at 1842. Therefore, as to this allegation, we find that Kopp has demonstrated a sufficient threshold showing entitling him to further discovery on this issue.

■ Kopp also appears to invoke the third basis for review, "where the prosecutor stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," *United States v. Lee,* 989 F.2d at 379–80 (citing *United States v. Kuntz,* 908 F.2d at 657). We recognize the inherent discretion vested in a prosecutor to determine' whether a defendant, has provided "substantial assistance." *See, United States v. Perez,* 955 F.2d 34, 36 (10th Cir.1992) ("The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a Rule 35(b) motion...."); *United States v. Huerta,* 878 F.2d 89, 93 (2d Cir.1989) ("[W]hether a defendant's cooperation has risen to the level of 'substantial assistance' to the government is self–evidently a question that the prosecution is

uniquely fit to resolve."), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990). Whether Kopp provided "substantial assistance," however, is not the issue in the instant case. AUSA Patton does not dispute that Kopp furnished substantial assistance in the investigation and conviction of another criminal defendant, nor does he dispute that San Diego AUSA Todd Robinson sent him a letter approximately one year ago, specifically requesting that Patton's office file a Rule 35 motion on Kopp's behalf.

In the government's brief, which consists of a mere two and one–half pages of argument, Patton contends that the court is without jurisdiction to grant the requested relief under Rule 35(b) because Kopp's substantial assistance took place more than a year after sentencing, and was based upon information he could have furnished earlier. Kopp maintains that he falls within the exception to the one year rule, citing the following language of Rule 35(b): "[t]he court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial' assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence." Kopp argues he did not "know" he had relevant information within one year of his sentence because, until he was contacted by the FBI more than one year after imposition of his sentence, he was unaware that the person about whom he was asked to provide information was the subject of an FBI investigation.

In support of his interpretation of the foregoing language in Rule 35(b), Kopp cites *United States v. Morales,* 52 F.3d 7 (1st Cir.1995). In *Morales,* the defendant was sentenced on a guilty plea to importing drugs. *Id.* at 8. Four years later, one of defendant's associates was indicted. Defendant's substantial cooperation with the prosecution resulted in the associate's conviction. *Id.* The district court however, rejected the government's motion for reduction of sentence under Rule 35(b), on the grounds that it was without jurisdiction to grant the motion because the cooperation' occurred more than one year after sentencing and was

based upon information the defendant possessed from the beginning. The First Circuit reversed, and noted that while "[t]he district court read 'not known' literally; we read it more broadly." *Id.* at 8.

In support of its reasoning, the First Circuit cited the policy rationale behind Rule 35(b):

> Manifestly, the purpose for denying value to retained knowledge is to induce immediate full disclosure. If, however, a defendant had not disclosed information simply because she was not asked, or was otherwise unaware of its value, there is *no reason she should be restricted;* nothing would be served by rejecting later use when a value became apparent. Rather, to deny a benefit to late disclosure in such circumstances would be contrary to the rule's purpose. .... [W]e hold that until becoming aware of its value, or being specifically asked, a defendant cannot be said to "know" useful information.

*Id.* at 8.

The Tenth Circuit appears to embrace a more literal reading of Rule 35(b)'s one–year requirement. *United States v. Evans,* 1996 WL 167484 (10th Cir.1996). Although the government cites substantial portions of *Evans,* neither in its response nor in its surreply does the government address directly the Tenth Circuit's discussion in *Evans* of the Rule 35(b) one–year requirement, or *Evans'* citation to *Morales* at 15. While the government does acknowledges *Morales* in its response brief, its only attempt to distinguish the case is to assert "the advisory committee's note to the 1991 Rule 35 amendment shows the court has discretion to consider an untimely motion only if the government establishes 'cooperation could not have been furnished within the one–year time limit.'" Response Brief, at 3.

In rather summary fashion, the government states: "the only rational conclusion that can be drawn is that the defendant failed to cooperate when he first could have, but instead waited to provide information when it was convenient to him." The government has presented no evidence or further elaboration to support this statement.

In sum, we conclude that the government's response and surreply do not adequately dispose of Kopp's assertions to the satisfaction of the court. The court finds, based upon the representations made by Kopp in his submissions, that Kopp is entitled to discovery to more fully develop the factual record regarding the government's refusal to file a Rule 35 motion. Based on the results of discovery, the government should be prepared to respond at a later date to be determined by the court. We doubt very much whether a full–blown evidentiary hearing is necessary, and believe that the record can be sufficiently developed through affidavits or other appropriate means of proof.

The court further finds that, based upon the reasons stated in Kopp's unopposed application for appointment of counsel, that the application should be granted. The court hereby appoints Thomas J. Bath, Jr., to represent Kopp in this matter. Kopp's counsel will need to obtain approval of the court before any travel or other substantial expense is incurred.

IT IS THEREFORE ORDERED that pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, Kopp is granted leave to conduct discovery on the limited issue of the government's refusal to file a Rule 35 motion.

IT IS FURTHER ORDERED that Kopp's Application for Appointment of Counsel (Doc. # 169) is granted.