**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NATHAN D. LUMMUS,

      Defendant-Appellant.

No. 98-3255
(D.C. No. 98-10014-03-JTM)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

In this direct appeal, defendant-appellant Nathan D. Lummus argues that the district court erred "by allowing the government to circumvent proper application of the United States Sentencing Guidelines" through offering Lummus worse terms for a plea agreement than allegedly similarly-situated co-conspirators, thereby engendering a worse sentence for Lummus. As a result,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lummus prays that this court allow him to withdraw his guilty plea and to "ensure fair and equitable treatment in the lower court." Because Lummus failed to raise any objections below to his plea or sentence, we find his arguments waived. We therefore affirm Lummus' conviction and sentence.

On March 29, 1997, Lummus participated in a robbery of the Dog N' Shake in Wichita, Kansas. Subsequently, Lummus was arrested, charged in a multiple count indictment, and pled guilty to knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). After plea negotiations began but prior to his plea, Lummus fled the jurisdiction in violation of his conditions of release, but he was re-arrested shortly thereafter. At his change of plea hearing, Lummus did not indicate dissatisfaction in any regard with the terms of his plea.

As part of the plea agreement, the government agreed "to advise the judge, at the time of sentencing, of the nature and extent of [Lummus'] cooperation." The plea agreement also provided that, "[i]f . . . in the sole discretion of the United States, the defendant's cooperation amounts to substantial assistance pursuant to § 5K1.1 of the United States Sentencing Guidelines, a motion for a departure from the guidelines will be filed."

The presentence report (PSR) recommended a sentence of 5 years, which is mandated by § 924(c)(1). The PSR noted that the government had not filed a

motion to depart pursuant to § 5K1.1. Neither Lummus nor the government objected to the PSR.

At sentencing, Lummus's attorney noted the essentials of the plea agreement for the district court, stating inter alia that the United States "in its sole discretion" could move for a departure pursuant to § 5K1.1. The United States agreed with the characterization of the plea agreement, but did not move for a § 5K1.1 departure. The court sentenced Lummus to five years' imprisonment followed by three years' supervised release, without any objection from Lummus. In fact, when the court asked Lummus' attorney for his position on the sentence, counsel replied: "For the first time in my career, Your Honor, I think I have almost nothing to say." Counsel merely requested that Lummus be confined close to Wichita.

On appeal, Lummus argues that the district court erred by allowing the government to "circumvent[] the purpose and goals of the U.S.S.G. without reason." Specifically, Lummus complains that co-conspirators with allegedly equal or greater culpability received lesser sentences based on more favorable plea agreements. Thus, notwithstanding the fact that he fled the jurisdiction before his plea, Lummus contends that "the government here arbitrarily determined that Mr. Lummus deserved a more stringent punishment than did his similarly situated co-conspirators." Consequently, Lummus concludes that the

United States "thwarted Congress' wish to eliminate unwarranted disparities in sentences," and that the district court erred in allowing the government to do so. Lummus also alleges that the government entered into the plea agreement in bad faith because it did not advise the court of the extent of Lummus' cooperation or move for a § 5K1.1 departure.

We find Lummus' arguments waived. Below, Lummus did not raise even the slightest objection to the plea agreement, nor did he make any allegations that the government failed to abide by its terms. Indeed, the record below reveals without ambiguity that Lummus entered his plea knowingly and voluntarily, and that he had no quarrel with his sentence. Because Lummus did not make any of his instant arguments below, he failed to preserve them for appeal. See United States v. Lee, 989 F.2d 377, 380 (10th Cir. 1993). "Moreover, we will not review for plain error," because "[p]lain error review is not appropriate for factual disputes, such as whether the government acted in good faith." Id.

Lummus' conviction and sentence are AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge
