**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**John Michael FOX, Defendant–Appellant.**

No. 99–35727.

D.C. Nos. CV–99–00462–JKS, CR–96–00080–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2000.

Decided May 4, 2001.

---

Before B. FLETCHER and FISHER, Circuit Judges, and SCHWARZER, District Judge.*

MEMORANDUM **

Pursuant to an agreement, defendant-appellant John Michael Fox pled guilty to one count of aiding and abetting possession of a controlled substance with intent to distribute. He was sentenced to a 360 month term of imprisonment. He subsequently moved in federal district court pursuant to 28 U.S.C. § 2255 to correct his sentence in order to avail himself of a downward departure under the sentencing guidelines after the government refused to file a substantial assistance motion. Fox claims that because he provided full cooperation, the government breached the agreement by refusing to move for a departure. The government claims to have decided against filing a downward departure motion because it concluded that the information Fox provided, while provided in good faith, was merely cumulative of other information it had from two other similarly situated informants, and that the collective weight of the testimony of all three witnesses, given their character as convicted felons providing information in return for benefits, could not lead to a grand jury indictment and subsequent conviction of any of the persons described by the three witnesses.

Fox's § 2255 motion also argues that his trial counsel provided ineffective assistance by failing to object at sentencing to the government's refusal to move for down-

ward departure. The district court denied his § 2255 motion on both points. Fox timely appealed this ruling and we have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo and we affirm.

I. Breach of Plea Agreement

We apply ordinary contract principles to plea agreements between defendants and the government. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990). If the terms of a plea agreement are ambiguous, they should be construed in favor of the defendant in light of "the parties' respective bargaining power and expertise." *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir.1993).

Fox argues that the agreement is ambiguous as to whether the government could base its decision not to file a substantial assistance downward departure motion upon the fact that the information Fox supplied was cumulative with other witnesses and therefore could not be used to bring about indictments or convictions. Specifically, Fox argues that two provisions in the agreement are in irreconcilable tension. Paragraph C of Section II states: "It is not a condition of this agreement that any specific charges are brought, or convictions are obtained, as a result of defendant's cooperation." In contrast, paragraph L of Section II reads: "The defendant understands and agrees that if he chooses to cooperate under the terms of this agreement he is not guaranteed a substantial assistance departure and that the decision to file a motion for a sentence departure for substantial assistance will lie within the sole discretion of

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

the United States.... The defendant understands that the government's assessment of whether the information the defendant provides deserves a motion for a departure will be influenced by whether or not the information the defendant provides is of the type that can lead to the filing of charges against another involved in illegal activities or leads to the conviction of another person."

Fox contends that the government's stated reason for refusing to file the motion for downward departure is in conflict with paragraph C of the agreement. In essence, he argues that paragraph C prohibits the government from basing its determination solely upon whether the information Fox provided leads to charges or convictions against others. Yet, Fox argues, this is precisely what the government is basing its decision upon when it says that the information Fox gave is cumulative and therefore cannot lead to indictments or charges against others. Fox understands the government's stated reason to be that only information that does lead to charges is of the type that can lead to charges. Therefore, Fox concludes, the government is in breach of paragraph C.

■ Although we are troubled by the government's use of such a one-sided agreement and its refusal to move for departure despite Fox's good faith cooperation, we find no ambiguity. The agreement is clear that Fox was not obligated to cooperate with the government and that the determination of what constitutes substantial assistance and the discretion to file a downward departure motion rested solely with the government. We disagree with Fox's interpretation of paragraph C. The provision is there for Fox's benefit. It establishes that the government is not foreclosed by the agreement, simply because no charges or convictions against others have been brought or obtained, from eliminating count 2 from the indictment, supporting an acceptance of responsibility reduction, or making a downward departure motion.

■ Because we find no ambiguity in the agreement and no breach on the government's part, our review of the government's refusal to move for departure is limited. Under the terms of this agreement, we may review only for unconstitutional motive or bad faith.[1] Other than his assertion that the agreement is ambiguous and that the government breached the plea agreement, Fox makes no allegations and provides no evidence supporting a claim of unconstitutional motive or bad faith on the part of the government. Because Fox has alleged neither unconstitutional motive nor bad faith, we affirm.

## II.  Ineffective Assistance of Counsel

■ Fox also argues that his court-appointed trial counsel provided ineffective assistance when he failed to object at sentencing to the government's refusal to move for a downward departure. In order to make out a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668,

---

1.  Even in the absence of an agreement, the decision not to file a 5K1.1 downward departure motion may be challenged upon a claim of unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Furthermore, because normal contract principles apply to plea agreements, *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971),

even if the explicit terms of the agreement did not provide for a review upon a bad faith challenge, we could consider such a claim. *See United States v. Mikaelian,* 168 F.3d 380, 385 (9th Cir.1999); *see also United States v. Isaac,* 141 F.3d 477 (3d Cir.1998); *United States v. Lee,* 989 F.2d 377, 380 (10th Cir. 1993); *United States v. Rexach,* 896 F.2d 710, 713–14 (2d Cir.1990).

689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the defendant must establish prejudice as a result of the inadequate representation. *Id.* at 693, 104 S.Ct. 2052.

Fox cites *De La Fuente* for the proposition that failure to bring to the district court's attention a breach of a plea agreement amounts to ineffective assistance. However, *De La Fuente* does not support his position because there was, as the government conceded, a breach of the plea agreement in that case. *De la Fuente,* 8 F.3d at 1336 n. 2 (9th Cir.1993). Because we find that no breach of the agreement occurred, it was not error for Fox's trial counsel to fail to object. Fox has not established either inadequate representation or prejudice as required by *Strickland.*

AFFIRMED