**UNITED STATES of America, Plaintiff,**

v.

**Christopher PERKINS, Defendant.**

**No. CR–1–98–072–4.**

United States District Court, S.D. Ohio, Western Division.

May 9, 2001.

Christopher Perkins, Burlington, KY, pro se.

Jeffrey Michael Brandt, Brandt Law Offices, Cincinnati, OH, Hal Roger Arenstein, Arenstein & Gallagher, Cincinnati, OH, for defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Government's Unopposed Motion for a Reduction of Sentence (doc. 109).

## BACKGROUND

Defendant Christopher Perkins was indicted by a federal grand jury on July 1, 1998, and charged in Count I of the Indictment with conspiracy to distribute cocaine, in violation of Title 21 U.S.C. § 846 (doc 1). Defendant eventually pleaded guilty to Count I of the Indictment (doc. 66), and was subsequently sentenced on May 13, 1999 to a term of 169 months in prison, 3 years supervised release, a $500.00 fine, and a $100.00 assessment (doc. 90). Defendant filed a notice of appeal of his sentence to the Sixth Circuit Court of Appeals on May 18, 1999 (doc. 92).

On December 15, 2000, the Sixth Circuit affirmed the decision of this Court in regard to Defendant's plea of guilty and the terms of his sentence (doc. 105). On August 16, 2000, Defendant agreed to provide testimony on behalf of the Government before a federal grand jury in Cincinnati, Ohio (*see* doc. 109). According to the Government, Defendant's testimony was of "substantial assistance to the United States in the investigation and potential prosecution of other individuals who have committed offenses against the United States" (*Id.*).

On April 11, 2001, the Government filed a Motion for Reduction of Sentence, pursuant to Federal Rule of Criminal Procedure 35(b), moving this Court to enter an order reducing Defendant's sentence in this case by 18 months from the 169 month prison sentence originally imposed by this Court, in order to "reward the defendant's cooperation and not defeat the purpose of the original sentence" (*Id.*).

This matter is now ripe for our determination.

## DISCUSSION

■ Defendant's 169 month prison sentence was imposed on May 13, 1999 (doc. 90). In June of 2000, Defendant first agreed to cooperate with the Government (doc. 109). In August of 2000, Defendant testified on behalf of the Government before the federal grand jury concerning a new investigation, and remained in custody in Cincinnati to testify as a Government witness in a case that had already issued an Indictment against an unnamed individual (*Id.*). According to the Government, the later indicted case resulted in a subsequent guilty plea prior to trial (*Id.*).

However, it appears from the dates provided by the Government in its Motion for Reduction that Defendant did not provide information that was "unknown" to him during the one-year time limitation following the imposition of his sentence (*Id.*). *See* Fed.R.Crim.P. 35(b). Therefore, the two questions before the Court are: (1) Does this Court have the jurisdiction to grant the Government's requested relief despite the fact that Defendant's "substantial assistance" took place more than a year after sentencing and was allegedly based upon information he possessed from the beginning? (2) Did Defendant actually provide "substantial assistance" to the Government, as provided in Rule 35(b), in order to be granted the 18 month reduction in sentence that the Government now seeks?

Rule 35(b) of the Federal Rules of Criminal Procedure provides:

Reduction of Sentence for Substantial Assistance. If the Government so moves one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

Fed.R.Crim.P. 35(b) (West 2000).

In support of its position that this Court does have the proper jurisdiction in order to reduce Defendant's sentence, the Government cites to the First Circuit case of *United States v. Morales*, 52 F.3d 7 (1st Cir.1995). In *Morales*, the defendant was sentenced on a guilty plea for importing drugs. *Id.*, 52 F.3d at 8. Four years later, one of the defendant's associates was indicted. *Id.* Defendant's substantial cooperation with the prosecution resulted in the associate's conviction. *Id.* The district court, however, rejected the government's motion for a reduction of sentence under Rule 35(b) on the grounds that it was without jurisdiction to grant the motion because the cooperation occurred more than one year after sentencing, and was based upon information the defendant possessed from the beginning. *Id.* The First Circuit reversed the district court noting that, while "[t]he district court read 'not known' literally; we read it more broadly." *Id.*

In support of its reasoning, the First Circuit cited the policy rationale behind Federal Rule of Criminal Procedure 35(b):

Manifestly, the purpose for denying value to retained knowledge is to induce immediate full disclosure. If, however, a defendant had not disclosed information simply because she was not asked, or was otherwise unaware of its value, there is no reason she should be restricted; nothing would be served by rejecting later use when a value became apparent. Rather, to deny a benefit to late disclosure in such circumstances would be contrary to the rule's purpose.... [W]e hold that until becoming aware of its value, or being specifically asked, a defendant cannot be said to "know" useful information.

*Morales,* 52 F.3d at 8.

The Advisory Committee notes to the 1991 amendment (the most recent amendment) provide guidance on the application of the exception to the one year time limit for filing motions for sentence reductions:

The [1991] amendment recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For example, the defendant may not have obtained information useful to the government until after the time limit had passed. In those instances the trial court in its discretion may consider what would otherwise be an untimely motion if the government establishes that the cooperation could not have been furnished within the one-year time limit. In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.

*Id.; see also United States v. Doe,* 190 F.R.D. 445, 446 (E.D.Tenn.1999).

The Sixth Circuit has not directly addressed the specific issue of whether a court may consider a Rule 35(b) motion filed more than one year after a defendant has been sentenced when the defendant's assistance occurred within one year.

However, there appears to be a split of authority in the other Circuits as to this question.

Under these facts, the Fourth, Seventh, and Eleventh Circuits would rule that a district court would lack jurisdiction to entertain a Rule 35(b) motion. *See United States v. Carey,* 120 F.3d 509, 511–12 (4th Cir.1997) (finding that the district court could not act on the Rule 35(b) motion since it was filed more than one year after sentencing); *United States v. McDowell,* 117 F.3d 974, 979–80 (7th Cir.1997) (holding that a district court lacks the power to grant a Rule 35(b) motion where the government has not filed the motion within the one-year period and there is no indication the exception to the one-year rule has been satisfied); *United States v. Orozco,* 160 F.3d 1309, 1316–17 (11th Cir.1998) (finding that the district court had no jurisdiction over the motion for a sentence reduction under Rule 35(b)); *see also United States v. Doe,* 190 F.R.D. 445, 449 (E.D.Tenn.1999) ("In light of the unambiguous text of Rule 35(b) and the holdings of the majority of courts addressing this issue, the Court finds it does not have jurisdiction to address the merits of a Motion for Sentence Reduction filed by the Government more than one year after Defendant has been sentenced and which does not fall within the exceptions to the rule.").

Having reviewed this matter, the Court finds the Government's arguments in favor of a sentencing reduction for Defendant to be persuasive (*see* doc. 109). In addition, the Court finds the public policy arguments of the First Circuit Court in the case of *United States v. Morales* to be on point with the facts of this case, the language and policy considerations of Rule 35(b), and the exceptions to the one-year limit rule to be applicable to the case before us. Therefore, we conclude that this Court does have jurisdiction to consid-

er the Government's Motion for Reduction (*Id.*).

Having answered the first issue before us in the affirmative, the Court also finds that there is sufficient merit to the facts as presented before us in order to warrant a reduction in Defendant's sentence for the following policy reason.

■ We recognize the inherent discretion vested in a prosecutor to determine whether a defendant has provided "substantial assistance." *See United States v. Perez,* 955 F.2d 34, 36 (10th Cir.1992) ("The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a Rule 35(b) motion."); *United States v. Huerta,* 878 F.2d 89, 93 (2d Cir. 1989) ("[W]hether a defendant's cooperation has risen to the level of 'substantial assistance' to the government is self-evidently a question that the prosecution is uniquely fit to resolve.").

■ Having reviewed the second question before us, the Court finds that Defendant has provided "substantial assistance" to the Government by agreeing to testify before the grand jury against other individuals in another case and by agreeing to testify at the individuals' trial, if a trial on the merits was indeed needed. In addition, the Government asserts that such cooperation by Defendant has been "substantial," and we find no basis to disagree with that assertion.

### CONCLUSION

For the reason set forth above, the Court hereby GRANTS the Government's Unopposed Motion For a Reduction of Sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (doc. 109).

Accordingly, the Court hereby REDUCES Defendant Christopher Perkins' sentence by a total of eighteen (18) months from his original term of imprisonment of 169 months (*see* doc. 90). Therefore, the Court AMENDS our May 13, 1999 Order by SENTENCING Defendant Perkins to a term of 151 months in prison, 3 years supervised release, a $500.00 fine, and a $100.00 assessment (*Id.*).

SO ORDERED.