UNITED STATES of America,
Plaintiff,

v.

Anthony Oh YOUNG, Defendant.

No. CR. 95–00475 DAE.

United States District Court,
D. Hawaii.

March 19, 2002.

Leslie S. Fukumoto, Pamela O'Leary Tower, Honolulu.

*ORDER GRANTING PLAINTIFF'S MOTION FOR A RULE 35(B) DEPARTURE IN SENTENCING*

EZRA, Chief Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting memoranda, the court GRANTS Plaintiff's Motion for a Rule 35(b) Departure in Sentencing.

## BACKGROUND

Defendant was sentenced by this court on June 2, 1997. Defendant received a sentence of 108 months.

Prior to sentencing, Defendant was approached by Stanley Hirai to collect a debt from Michael Boulware. Defendant later received payments from Boulware totaling approximately $90,000. These monies were transferred from Boulware's company, Hawaiian Isles Enterprises, Inc., to an off-shore account in Hong Kong, and then to an account in the Kingdom of Tonga named Pacific Vendors, Inc.

The United States contacted Defendant who agreed to cooperate with the United States. Defendant testified before the grand jury on March 30, 2000, and then testified at Boulware's trial on November 16, 2001. His testimony demonstrated that Boulware controlled the money in the Pacific Vendor's account, and that the money received by Defendant's wife was taxable income to Boulware. Defendant's testimony, in part, led to Mr. Boulware's conviction for tax evasion.

## DISCUSSION

Federal Rule of Criminal Procedure 35(b) states:

If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sen-

tence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

The instant motion was made more than one year after Defendant's sentencing. Accordingly, this court must first decide whether it may properly entertain a sentencing reduction at this time. This issue is one of first impression in the Ninth Circuit.

The Ninth Circuit has not yet addressed the new version of Rule 35(b). Under previous versions of the rule, the Ninth Circuit has held that the time limit with regards to a Rule 35(b) motion is jurisdictional. *See In re Southwest Aircraft Services, Inc.,* 831 F.2d 848, 851 (9th Cir. 1987), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988) (literal language of 35(b) deprived sentencing court of jurisdiction when failure to act within the time limit); *United States v. Smith,* 650 F.2d 206, 209 (9th Cir.1981) (Loss of jurisdiction resulting from an "unreasonable delay" operated as a de facto denial of Rule 35(b) motion); *United States v. Minor,* 846 F.2d 1184, 1189 (9th Cir.1988) (reversed on other grounds).

The Advisory Committee notes for the 1991 amendment to Rule 35(b) suggest that a district judge has the authority to entertain a sentencing reduction filed by the government more than one year after sentencing for substantial assistance in the prosecution of another individual:

> The [1991] amendment [to Rule 35(b)] also recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For example, the defendant may not have obtained information useful to the government until after the time limit has passed. In those instances the trial court in its discretion may consider what would otherwise be an untimely motion if the government establishes that the cooperation could not have been furnished within the one-year time limit. In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.

18 U.S.C.App. Fed.R.Crim.P. 35(b) (1999) (Advisory Comm. Notes for 1991 Amend.)

The circuit courts which have addressed this issue are divided. Compare *United States v. Morales,* 52 F.3d 7,8 (1st Cir. 1995) (Rule 35(b) requirement that information be "not known by the defendant" should be read broadly) with *United States v. Orozco,* 160 F.3d 1309 (11th Cir.1998), *cert. denied,* 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000) (1 year time period for Rule 35 motion is jurisidictional), *accord; United States v. Carey,* 120 F.3d 509 (4th Cir.1997), *cert. denied,* 522 U.S. 1120, 118 S.Ct. 1062, 140 L.Ed.2d 122 (1998); and *United States v. McDowell,* 117 F.3d 974 (7th Cir.1997). In *Morales,* the First Circuit eschewed a literal interpretation of Rule 35(b), and held that a defendant cannot be said to " 'know' " information useful to the government "until becoming aware of its value, or being specifically asked." *Id.*

The court adopts the First Circuit's rationale in *Morales,* 52 F.3d at 8, "we hold that until becoming aware of its value, or being specifically asked, a defendant cannot be said to 'know' useful information."

In this case, the Defendant's assistance was substantial only because Boulware did not pay taxes on the money he wired to

Defendant. There was no way for Defendant to know if Boulware paid taxes on the money or not. Therefore, the Defendant did not "know" any useful information until he was approached by the United States. Once approached by the United States, the information was known to be relevant, and hence, "useful information." The Defendant subsequently provided assistance to the United States as early as possible. This interpretation furthers the rule's purpose which is to encourage and reward a defendant who cooperates with the government by providing information in the successful prosecution of another. To deny a defendant credit under these circumstances defeats the entire purpose of Rule 35(b) by removing the incentive for a defendant to cooperate with the government. This incentive is especially critical as the defendant often cooperates at great risk to himself when, as is the case here, the defendant is in prison and subject to possible retribution. Accordingly, this motion is timely.

### CONCLUSION

For the reasons stated above, the court GRANTS the Plaintiff's motion and decrease's Defendant's sentence by 18 months. All other portions of the Defendant's sentence remain as previously imposed.

IT IS SO ORDERED.