**UNITED STATES of America,**

v.

**Rafael MORENO, Defendant.**

**No. CR597–10.**

United States District Court, S.D. Georgia, Waycross Division.

April 18, 2002.

Karl Irving Knoche, Carlton R. Bourne, Jr., U.S. Attorney;s Office, Savannah, GA, for U.S.

### ORDER

MOORE, District Judge.

Before the Court is the Government's Rule 35 Motion for Sentence Reduction. For the following reasons, the Government's Motion is **DENIED.**

### BACKGROUND

On August 7, 1998, as a result of a plea agreement reached with the Government, Defendant pled guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribution of Marijuana, and one count of Money Laundering. As part of his plea agreement, Defendant agreed to cooperate fully and truthfully with the Government. On October 6, 1998, Defendant was sentenced to 130 months on each count, to be served concurrently.

Since his sentencing, Defendant has provided information to agents of the United States government concerning criminal activity in the Middle District of Georgia and the Southern District of Georgia. Although the information was helpful, the Government explains that it did not rise to the level of substantial assistance. Accordingly, the Government did not file a Rule 35 motion on Defendant's behalf based on that information.

However, recently, Isaias Ponce, a fugitive co-defendant from Defendant's case was captured. The Government states that Defendant provided information concerning Mr. Ponce and was prepared to testify at trial, until Mr. Ponce entered a plea of guilty. The Government contends that this recent cooperation by Defendant rises to the level of substantial assistance. Based on this recent substantial assistance and Defendant's previous assistance, which was not deemed substantial, the Government filed its motion to reduce Defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

On April 5, 2002, in response to the Government's motion, the Court issued an order explaining that it did not appear that the requirements for a reduction of sentence pursuant to Rule 35 were satisfied. However, because the Government's motion to reduce sentence failed to address the requirements of Rule 35, the Court withheld its ruling, and allowed the Government an opportunity to address those requirements. On April 10, 2002, the Government filed its response to the Court's order.

### ANALYSIS

As noted in the Court's April 5, 2002 order, Rule 35(b) provides in part:

> REDUCTION OF SENTENCE FOR CHANGED CIRCUMSTANCES. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after the sentence is imposed.

Fed.R.Crim.P. 35(b).

According to the language of Rule 35(b), there are only two requirements that must

be satisfied for a sentence to be reduced. First, a defendant must offer substantial assistance in the investigation or prosecution of another person. Second, the Government must move within one year after the sentence is imposed to have the sentence reduced. However, there is an exception to this second requirement if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after the sentence is imposed. If either of these two requirements is not satisfied, then the district judge is without jurisdiction to consider the Rule 35(b) motion. *See United States v. Orozco,* 160 F.3d 1309 (11th Cir. 1998), *cert. denied,* 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000) (holding district judge lacked jurisdiction to consider Rule 35(b) motion when requirements not satisfied).

In its April 5, 2002 order, the Court explained that it did not appear that the second requirement is satisfied in this case. This is because it is clear that the Government's motion was not filed within one year after Defendant's sentence was imposed. Defendant was sentenced on October 6, 1998, and the Government's motion was filed on April 3, 2002, almost three and a half years later. Furthermore, the exception to the second requirement does not appear to be satisfied because the substantial assistance provided by Defendant was not based on information that was unknown to him until one year or more after his sentence was imposed. Defendant provided information regarding a fugitive co-defendant from Defendant's case. It appears that Defendant

knew this information during the year following his sentencing.

In its response, the Government contends that Rule 35's language should be given a broad interpretation, allowing for reductions in sentence when a defendant's cooperation, thought not based on newly acquired knowledge, could not have been rendered within one year of sentencing. Such an interpretation, the Government explains, is consistent with the Advisory Committee Notes to the 1991 Amendment to Rule 35. In addition, the Government points to the First Circuit's decision in *United States v. Morales,* 52 F.3d 7 (1st Cir.1995), where under circumstances similar to those in this case, a reduction under Rule 35 was allowed.[1] Relying on this broad interpretation, the Government contends that the Court may reduce Defendant's sentence under Rule 35(b) because Defendant could not have rendered cooperation until Mr. Ponce was arrested.

The Court is not persuaded by the Government's argument. First, the Court finds that the Government's interpretation conflicts with the plain language of Rule 35(b). Furthermore, the Eleventh Circuit has specifically refused to adopt a broad reading of Rule 35(b), instead finding that it is bound by the plain language of the rule. *See Orozco,* 160 F.3d at 1316 ("We are not at liberty to add terms or posit an interpretation that differs from the explicit language of Rule 35(b), particularly when we can decide this case within the plain terms of the rule.") (citations omitted). Thus, an exception to Rule 35's second requirement exists only if a defendant's substantial assistance is based on information unknown to the defendant during the

---

1. In *Morales,* the defendant was arrested and sentenced in October 1990 for importing drugs. In 1994, one of the defendant's associates was indicted. The defendant then rendered substantial assistance which led to her associate's conviction. Despite the fact that the defendant's assistance was not based on

newly acquired information, the First Circuit allowed a reduction of sentence under Rule 35 reasoning that "until becoming aware of its value, or being specifically asked, a defendant cannot be said to 'know' useful information." *Id.* at 8.

year after sentencing. Importantly, in reaching its decision, the Eleventh Circuit considered the Advisory Committee Notes to the 1991 Amendment to Rule 35 and the First Circuit's decision in *Morales*, which the Government now relies upon, and still opted for a strict interpretation of Rule 35(b). *Id.* at 1314–15.

## CONCLUSION

Because the Government's motion to reduce sentence was not filed within one year after Defendant's sentence was imposed, and because Defendant's assistance was not based on information unknown to him during the year following his sentencing, the requirements for sentence reduction under Rule 35(b) have not been satisfied. Accordingly, the Government's motion for sentence reduction is **DENIED.**