**UNITED STATES COURT OF APPEALS**
**Filed 4/10/96**
**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 95-5144 |
| v. | N.D. Oklahoma |
| DONALD B. W. EVANS, | (D.C. No. 94-C-713-E) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald Evans appeals the district court's decision denying his motion pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. He claims the government

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

wrongfully refused to file a Fed. R. Crim. P. 35(b) motion for reduction of sentence on his behalf, despite his cooperation and testimony against other individuals. The district court denied his § 2255 motion without a hearing. We affirm.

BACKGROUND

On May 30, 1990, a federal jury in Tulsa, Oklahoma, convicted Donald Evans of conspiracy to distribute cocaine base (crack). On August 22, 1990, the district court sentenced him to life in prison without parole. His conviction was affirmed on appeal and is not in question here. United States v. Evans, 970 F.2d 663 (10th Cir. 1992), cert. denied, 507 U.S. 922 (1993).

Following the imposition of his lengthy sentence, Evans arranged through counsel for an interview with the government regarding his knowledge of illegal drug trafficking, in an attempt to gain a reduction in sentence. On November 1, 1990, Evans, his attorney, and Assistant United States Attorney (AUSA) John S. Morgan signed a letter confirming their understanding of the proposed interview. See R. Vol. II, Doc. 235 Ex. 1. The letter stated:

> Subsequent to the interview, the undersigned government attorney [AUSA Morgan] will review the substance of the topics discussed. Based on the nature and extent of Mr. Evans' proffer and his willingness to cooperate, the undersigned will consider a Rule 35(b) F.R.C.P. [sic] motion. Should the undersigned determine, however, that the information provided . . . is unreliable, incomplete, or of no value to its investigations or prosecutions, the government will not consider such a motion.

Id.

On May 30, 1991, two agents from the Drug Enforcement Administration (DEA) interviewed Evans at the Federal Correctional Institution in Bastrop, Texas, regarding his and others' involvement in the drug conspiracy for which he was prosecuted. See id. Ex. 2. The government contends that Evans' proffer at this interview was useless:

> While EVANS provided unsworn information concerning the uncorroborated version of his involvement in the old conspiracy, for which he had already been convicted, it had no value to the already completed investigation or prosecution. . . . EVANS' alleged information was not able to be corroborated adequately due to the vagueness of his information. The agents were unable to develop anything and no follow-up reports were ever provided to the United States Attorney.

R. Vol. II, Doc. 235, at 2. Evans, on the other hand, disputes the government's assessment:

> I disagree with this statement and know it to be untrue. It came to my knowledge that information I provided in the non use proffer which the government contended was no use to their investigations was actually used. This information came out in the form of appearing on a search warrant and the mentioning of my name at the sentencing of Laron Vernors. It is clear an agent and a[n] AUSA had some use for the information. At sometime it had to be reported to the U.S. Attorneys office. I spoke to [DEA] agent Adair . . . . He totally disagrees with the government's statement. Agent Adair is willing to testify on my behalf that the government acted in bad faith. I am requesting an evidentiary hearing so that agent Adair can testify to the truth.

R. Vol. 1, Doc. 237, at 2 (punctuation corrected).

In October 1991, Evans wrote a letter to the district court, stating that he had cooperated "truly and fully" with the government but that the government had not

fulfilled its "part of the agreement" because it had not filed a Rule 35(b) motion. R. Vol. II, Doc. 235 Ex. 3. He further stated:

> Since this interview I've spoken with one of the agents that [i]nterviewed me. He expressed to me that he felt I fulfilled my part of the agreement. He also stated the information in which [sic] I provided was [] reliable[,] complete and was of value to ongoing investigations. However he said John Morgan[, who] prepared the letter[,] said I had my chance to cooperate before trial. This is not true. He said Morgan has declined to file the Rule 35b in lieu of [sic] the Rule 11 letter.

Id. The court forwarded Evans' letter to AUSA Morgan, who responded on November 18, 1991:

> Please be advised that pursuant to our understanding as detailed in my letter dated November 1, 1990 . . . I have carefully considered the information you have provided and have determined that among other things, it is of no value to our investigations. Therefore, a Rule 35(b) F.R.C.P. [sic] motion will not be considered.

Id. Ex. 4.

In December 1991, the DEA office in Little Rock, Arkansas, began an investigation into cocaine trafficking activities based on the arrest of a drug courier in Little Rock. As part of the investigation, DEA agents again interviewed Evans and obtained detailed statements concerning his prior cocaine trafficking activities as they related to the targets of the Little Rock investigation. In November 1992, DEA agents in Atlanta, Georgia, also interviewed Evans regarding his cocaine distribution activities. Evans again gave detailed information about the drug trafficking activities of several individuals then under investigation. On November 23, 1992, he testified before a federal

grand jury in Atlanta, which subsequently returned a superseding indictment naming additional defendants based on Evans' testimony.

In 1993, Evans and his attorney sought a new motion from the U.S. Attorney's office in Oklahoma based on Evans' cooperation in Arkansas and Georgia. In support of this request, Evans' attorney submitted a letter from the U.S. Attorney's office in the Eastern District of Arkansas detailing Evans' assistance in the drug investigation. Id. Ex. 7. AUSA Morgan also received a letter from Janis C. Gordon of the U.S. Attorney's Office in Atlanta, detailing Evans' cooperation there. Gordon noted, however, that after Evans had testified, "it became obvious that Evans had perhaps 'exaggerated' his testimony." Id. Ex. 8, at 1. She pointed out several discrepancies between Evans' testimony and corroborating information from "insider" sources. Gordon concluded that "although Evans did indeed provide information that led to the prosecution of others . . . , I felt that I would not be able to use him as a witness had the new defendants gone to trial, due to his 'exaggerations.'" Id.

Based on Evans' new request for a Rule 35(b) motion, AUSA Morgan asked First Assistant U.S. Attorney F.L. Dunn III of the Tulsa office to conduct an independent review to determine whether the government should file such a motion for Evans' cooperation in Little Rock and Atlanta. After reviewing the file, Dunn concluded in a memorandum to Morgan that Evans had not provided substantial assistance in those investigations that would warrant a Rule 35(b) motion. He based this conclusion on 1)

"the necessity that a cooperating witness testify truthfully in all respects," and 2) "the fact Mr. Evans had every opportunity to cooperate at an earlier date when he was first prosecuted." Id. Ex. 9. AUSA Morgan then advised Evans through counsel that he would not file a Rule 35(b) motion. Id. Ex. 10.

Evans subsequently filed this § 2255 motion, which the district court denied without a hearing. Evans argues on appeal that 1) the district court erred in denying him a hearing, 2) AUSA Morgan had an unconstitutional motive and acted in bad faith when he declined to file a Rule 35(b) motion, and 3) the information Evans provided substantially assisted the government in the investigation and prosecution of other individuals.

DISCUSSION

We review de novo the district court's legal conclusion to deny a § 2255 motion. See United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995). Section 2255 requires a prompt hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "In reviewing [a] petitioner's claims, we must first decide whether [the] 'petitioner's allegations, if proved, would entitle him to relief.' If so, the district court's summary denial of an evidentiary hearing is reviewed for an abuse of discretion." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (quoting United States v. Barboa, 777 F.2d 1420, 1423 (10th Cir. 1985)).

At the time Evans was sentenced, Rule 35(b) read in pertinent part:

> The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense . . . .

Fed. R. Crim. P. 35(b) (amended 1991). Effective December 1, 1991, Rule 35(b) was amended to read in pertinent part:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense . . . . The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence.

Fed. R. Crim. P. 35(b).

The requirement that a government motion precede judicial action in this context gives the prosecution "a power, [but] not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992) (construing 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1); see also United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992) ("Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare U.S.S.G. § 5K1.1 (policy statement) and 18 U.S.C. § 3553(e) (1988) when interpreting Rule 35(b)."). The courts have authority to review a prosecutor's discretionary refusal to file a Rule 35(b) motion in only three narrow instances:

[1] if the refusal violates an agreement with the government, <u>Wade</u>, 504 U.S. at 185, [2] if the refusal was based on an unconstitutional motive, <u>id.</u> at 185-86, or [3] "in an egregious case . . . where the prosecutor stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief," <u>United States v. Kuntz</u>, 908 F.2d 655, 657 (10th Cir. 1990).

<u>United States v. Lee</u>, 989 F.2d 377, 379-80 (10th Cir. 1993) (construing U.S.S.G. § 5K1.1) (footnote omitted).

Our review in this case focuses on two discrete offers of assistance:  Evans' May 1991 interview, which occurred within one year of sentencing, but which the government claims was unhelpful; and Evans' Arkansas/Georgia cooperation, which occurred outside the one year period, but which arguably proved helpful to the government.  We examine each in turn.

The May 1991 interview took place pursuant to an agreement memorialized in the November 1, 1990, letter signed by Evans, his attorney, and AUSA Morgan.  The agreement leaves discretion in the prosecutor to determine whether such a motion should be filed, limiting our review to whether the prosecutor made the determination in good faith.  <u>Lee</u>, 989 F.2d at 380.  Evans' § 2255 motion, however, fails to raise an issue of the government's good faith sufficient to require a hearing.  His allegations concerning the value of the interview, if true, fail to make even a prima facie showing that he substantially assisted the government in investigating or prosecuting another person who committed an offense.  While he mentions the name of one individual--"La Ron

- 8 -

Vernors"--he does not allege when or why Vernors was investigated or prosecuted or how his information substantially assisted the government in those efforts.

Moreover, Evans' recitation of purported statements from government agents that the information he gave was "of value" and that the government had "some use" for it avails him nothing. Besides failing to meet the standard articulated in Rule 35(b), the statements are mere conclusions, and they ignore the fact that the prosecutor alone has discretion to make that determination. See Hilliard v. United States, 345 F.2d 252, 254 (10th Cir. 1965) (conclusional claims in § 2255 motions may be summarily dismissed); United States v. Perez, 955 F.2d 34, 36 (10th Cir. 1992) ("The government is in the best position to determine whether a defendant provides assistance substantial enough to warrant filing a Rule 35(b) motion . . . ."); United States v. Huerta, 878 F.2d 89, 93 (2d Cir. 1989) ("[W]hether a defendant's cooperation has risen to the level of 'substantial assistance' to the government is self-evidently a question that the prosecution is uniquely fit to resolve.") (construing 18 U.S.C. § 3553(e)), cert. denied, 493 U.S. 1046 (1990).

The record is also clear that information Evans provided in the May 1991 interview regarding individuals other than Vernors did not substantially assist the government in such a way as to allow a timely motion. However, Evans asks us to measure the one year period in Rule 35(b) from the date the Supreme Court denied certiorari in his case, arguing that the prosecution told him time would not begin to run under the rule until that date. We must reject this argument because the rule clearly

allows for no such exception, and Evans, who was represented by counsel, is bound by the rule. See Fed. R. Crim. P. 35(b) (pre-amendment) (motion and ruling must be made within one year after imposition of sentence); id. 45(b) (time limits in Rule 35 may not be extended). In sum, the district court did not err in denying Evans a hearing based on information he provided within one year of his sentence.[1]

Evans' later cooperation in Arkansas and Georgia undisputedly took place outside the one year period of the rule. Consequently, Evans' efforts there may form the basis for a motion only if they involved information or evidence not known by Evans until one year or more after imposition of his sentence. Fed. R. Crim. P. 35(b). Evans fails even to so allege.[2] He submits, however, that the amended rule allows for untimely motions if a defendant provides information "as soon as possible." Appellant's Rebuttal Br. at 2; see Fed. R. Crim. P. 35(b) advisory committee's note to 1991 amendment (court has discretion to consider untimely motion if government establishes "cooperation could not

---

[1]Because Evans fails to make even a threshold showing that he timely and substantially assisted the government, we need not examine his argument that the government acted with an unconstitutional motive in declining to file a Rule 35(b) motion based on his May 1991 interview.

[2]To the contrary, Evans alleges that in his May 1991 interview, he "provided the government with every bit of knowledge concerning illegal activity to the best of [his] knowledge." R. Vol. I, Doc. 237, at 1. The record appears undisputed that the information and testimony Evans gave in Arkansas and Georgia consisted of essentially the same information he gave in his May 1991 interview. Compare R. Vol. II, Doc. 235 Ex. 2 (identifying individuals involved with Evans in drug conspiracy) with id. Exs. 7-8 (noting Evans' assistance in Arkansas and Georgia in investigating and prosecuting two of those individuals for drug crimes).

- 10 -

have been furnished within the one-year time limit" or was rendered "as early as possible"); United States v. Morales, 52 F.3d 7, 8 (1st Cir. 1995) (holding district court had jurisdiction to consider motion filed outside one year period where defendant did not know value of information earlier or was not asked). Again, Evans' argument conflicts with the rule's plain language, requiring us to reject it out of hand. See RTC v. Westgate Partners, Ltd., 937 F.2d 526, 531 (10th Cir. 1991) ("Courts should follow the literal language of a statute when it is clear . . . ."). But cf. Morales, 52 F.3d at 8 ("The district court read 'not known' literally; we read it more broadly.").

Even assuming, arguendo, that the court could have considered an untimely motion on Evans' behalf, Evans still would not be entitled to an evidentiary hearing in this case. The motion and record before us show no indication that the government ever agreed to file a Rule 35(b) motion in exchange for Evans' later assistance, obviating the need for an inquiry into the government's good faith. Cf. Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994) (§ 2255 motion properly dismissed where no evidence in record of agreement by government to file Rule 35(b) motion); United States v. Ringling, 988 F.2d 504, 507 (4th Cir. 1993) (government's gratuitous promise to make Rule 35(b) motion unenforceable where not the basis of an agreement).[3] Additionally, Evans has failed to make a sufficient showing of unconstitutional government motive to warrant a hearing.

---

[3]Evans alleges there were certain unspecified agreements between AUSA Morgan and prosecutors in other federal districts, see Appellant's Rebuttal Br. at 3, a fact that, if true, is irrelevant.

> [A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. . . . [A] defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."

Wade, 504 U.S. at 186. Evans' conclusional allegation that the government tried to punish him for going to trial, see R. Vol. I, Doc. 237, at 4, together with his meager offering of First Assistant Dunn's innocuous memorandum and hearsay statements purportedly made by DEA agents, fails even to approximate the required showing. Nor does the record before us present an "egregious case" where the prosecutor has "stubbornly refused" to file a motion despite "overwhelming evidence" that Evans' assistance was "so substantial as to cry out for meaningful relief." See United States v. Kuntz, 908 F.2d 655, 657 (10th Cir. 1990).

We conclude that the district court properly denied Evans' § 2255 motion without a hearing. Accordingly, we AFFIRM. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge