**UNITED STATES of America, Plaintiff,**

v.

**Kevin BROWN, Defendant.**

**No. 95–CR–77.**

United States District Court,
E.D. Wisconsin.

May 23, 1997.

---

Gail Hoffman, Assistant U.S. Attorney, Milwaukee, WI, for Plaintiff.

Alvin R. Ugent, Podell, Ugent, Haney & Delery, S.C., Milwaukee, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before the court is motion of the United States of America for "Reduction of Sentence Based on Changed Circumstances" under Rule 35(b), Federal Rules of Criminal Procedure. This is the second motion for reduction that the government has filed with respect to Mr. Brown's sentence. The first motion was denied by me, with prejudice, by decision and order of February 4, 1997. The government's second motion will suffer the same fate.

Rule 35(b), Federal Rules of Criminal Procedure, which permits the sentencing court to reduce a sentence for changed circum-stances provides, in relevant part (emphasis added):

> The court, on motion of the Government, made within one year after the imposition of sentence, may reduce a sentence to re-flect a defendant's subsequent, substantial assistance in the investigation or prosecu-tion of another person who has committed an offense, in accordance with the guide-lines and policy statements issued by the Sentencing Commission pursuant to sec-tion 994 of title 28, United States Code. The court may consider a government mo-tion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assis-tance involves information or evidence *not known* by the defendant until one year or more after imposition of sentence.

In the instant case, Mr. Brown was sen-tenced by this court on November 3, 1995, to a 235–month term of imprisonment. The government served and filed the instant mo-tion under Rule 35(b), on May 14, 1997—more than one-year after the imposition of Mr. Brown's sentence. Hence, the govern-ment's motion is untimely under Rule 35(b), Federal Rules of Criminal Procedure.

I am permitted to consider an otherwise untimely motion under Rule 35(b) only where the defendant's assistance or cooperation in-volves information or evidence which was "not known by the defendant" until after the one-year anniversary of his sentence. The advisory committee notes accompanying Rule 35(b) state:

> [Rule 35(b)] also recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For ex-ample, the defendant may not have ob-tained information useful to the govern-ment until after the time limit had passed. In those instances the trial court in its discretion may consider what would other-wise be an untimely motion if the govern-ment establishes that the cooperation could not have been furnished within the one-year time limit. In deciding whether to consider an untimely motion, the court may, for example, consider whether the

assistance was provided as early as possible.

*See also* Wright, 3 *Federal Practice and Procedure,* § 587 (Rule 35(b), Federal Rules of Civil Procedure, "gives the court power, under carefully defined circumstances, to consider a government motion for reduction made more than one year after imposition of the sentence.").

According to the affidavit of Assistant United States Attorney Gail Hoffman, the cooperation and assistance provided by Mr. Brown consisted of "information against Jerry Walker and his associates." Mr. Walker proceeded to trial on October 28, 1996, before United States District Judge Rudolph T. Randa and was convicted on November 14, 1996. In addition, Attorney Hoffman states that on April 4, 1997, Mr. Brown testified at Mr. Walker's sentencing hearing regarding a shooting which led to a homicide committed by Mr. Walker.

The only explanation offered by the government for the tardiness of its motion is that "[t]his information did not become relevant until Walker's sentencing hearing which occurred on April 4, 1997. Thus, Mr. Brown was unable to testify to this information until Walker's sentencing which occurred after November 3, 1996."

That Mr. Brown did not testify to the information regarding Mr. Walker's involvement in a shooting does not mean that this information was not known by Mr. Brown until after November 3, 1996—the one-year anniversary of his sentencing—or that it could not have been (or was not) provided to the government before that date. Indeed, in her affidavit offered in support of the government's first motion for reduction of Mr. Brown's sentence, Attorney Hoffman stated that Mr. Brown provided information useful to the government prior to Mr. Walker's October 28, 1996, trial.

As previously noted, Rule 35(b) expressly limits my consideration of untimely motions to situations where the defendant's assistance "involves information or evidence *not known* by the defendant until one year or more after imposition of sentence." The explanation offered by Ms. Hoffman for the delay in bringing the instant motion for re-

duction falls far short of supporting the government's untimely motion under Rule 35(b). One must assume that Attorney Hoffman has carefully examined Rule 35(b) and it's express mandate that the one year barrier can be lifted only when the defendant's assistance involved matters *not known* by the defendant until one year after his sentencing. The government's motion ignores that requirement and almost frivolously substitutes a claim that Mr. Brown's testimony "did not become relevant" until a belated date.

Accordingly, the government's motion for reduction of sentence based on changed circumstances will be denied.

Therefore, IT IS ORDERED that the government's "Motion for Reduction of Sentence Based on Changed Circumstances" be and hereby is denied, with prejudice.