**UNITED STATES of America**

v.

**Carlos VILLAFRANCO.**

**No. CR 495–094–013.**

United States District Court,
S.D. Georgia,
Savannah Division.

Aug. 11, 1997.

Joseph D. Newman, Millard Darden, Asst. U.S. Atty., Savannah, GA, for U.S.

## ORDER

EDENFIELD, Judge.

On 7/29/97, this Court denied as untimely the Government's Fed.R.Crim.P. 35(b) motion to reduce Carlos Villafranco's sentence. That Rule provides that the Government must move for a reduction of sentence "within one year after the imposition of the sentence." *Id.* Indeed, only if the Government demonstrates that the defendant provided "substantial assistance" "involv[ing] information or evidence *not known by the defendant* until more than one year after imposition of sentence" can a court even consider an otherwise untimely motion. *Id.* (emphasis added); *United States v. Brown*, 965 F.Supp. 23, 24 (E.D.Wis.1997). This Court denied the Rule 35(b) motion because the Government satisfied neither of these unambiguous conditions.

Undaunted, the Government now moves for reconsideration, conceding that its

**1482**

motion was untimely but contending that "the appropriateness of [Villafranco's] sentence" nonetheless should be "reassessed," for it filed its motion within one year of his assistance in another federal prosecution. Doc. # 552 ¶¶ 1–3. Quite simply, *when* the defendant renders his assistance is *irrelevant* to the commencement or tolling of Rule 35(b)'s limitations clock. *See Brown,* 965 F.Supp. at 25. As the Government again makes *no effort to show* that Villafranco did not know of the information or evidence "until more than one year of imposition of sentence," the motion for reconsideration must be denied.

■ In a last gasp effort to avert this result, the Government argues that "in the interests of justice," its failure to timely move for Rule 35(b) relief should not prejudice Villafranco. Doc. # 552 ¶ 5. Yet, that Rule contains no such "equitable" exception; to the contrary, its time limits are "unequivocal[ ]" and "jurisdictional in nature." *United States v. McDowell,* 117 F.3d 974, 978 (7th Cir.1997); *see also* Fed.R.Crim.P. 45(b) (even if the Government demonstrates that its failure to act "was the result of excusable neglect ... the court may not extend the time for taking any action under Rule[ ] ... 35, except to the extent and under the conditions stated in [that Rule]"); *United States v. Evans,* 82 F.3d 427 (Table), 1996 WL 167484 at * 4 (10th Cir.1996).[1] The Court, therefore, is without power to grant the Government's

Rule 35(b) motion. *McDowell,* 117 F.3d 974, 979.

The Court is mindful that these conclusions may adversely affect the Government's ability to procure "substantial assistance" from future defendants. That consequence, however, would support an argument for creating an "equitable" exception to Rule 35(b)—a task best left for the Rule's drafters, not the courts. In the meantime, the fact that only the Government can move for a reduction of sentence requires greater sensitivity to Rule 35(b)'s time bar than was exhibited here. *See McDowell,* 117 F.3d at 978–79 n. 5; *Evans,* 1996 WL 167484 at * 3–4.

Accordingly, the Government's "Motion for Reconsideration of Order Denying Fed. R.Crim.P. 35(b) Motion on Jurisdictional Grounds" (doc. # 552) is ***DENIED***.

---

1. The First Circuit has adopted a non-literal reading of Rule 35(b), holding that a district court can entertain an untimely motion where the defendant "had not disclosed information simply because she was not asked, or was otherwise unaware of its value." *United States v.*

*Morales,* 52 F.3d 7, 8 (1st Cir.1995). The Court need not grapple with these considerations, for the Government in no way suggests that they are applicable to Villafranco's situation.