**UNITED STATES of America, Plaintiff,**

v.

**John DOE,[1] Defendant.**

**No. 96–CR–19.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

Nov. 19, 1999.

Howell G. Clements, Spears, Moore, Rebman & Williams, Chattanooga, TN, for Demetrius Walker.

## *MEMORANDUM*

COLLIER, District Judge.

Before the Court is the Government's Motion for Reduction of Sentence Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (Court File No. 36) and Defendant John Doe's Memorandum in Support of the Government's Motion (Court File No. 38). The Government did not file a brief in support of its Motion. For the following reasons, the Court will DENY the Government's Motion.

## I. *RELEVANT FACTS*

On April 15, 1996, Defendant John Doe pleaded guilty to a one count indictment charging him with possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Based upon the drug amounts and his criminal history, Defendant's guideline range pursuant to the United States Sentencing Guidelines ("USSG") was 262 to 327 months. However, the Court departed downward from this guideline range upon motion of the Government pursuant to U.S.S.G. § 5K1.1 due to Defendant's substantial assistance. On November 8, 1996

---

1. This opinion has been edited by the Court to remove any identifying information for the purposes of publication.

the Court sentenced Defendant to 120 months.

In the Government's motion, the Government states after Defendant was sentenced, Defendant continued to provide substantial assistance to the Government. Specifically, the Government contends Defendant provided information concerning his knowledge of the drug activities of Richard Roe, who was convicted after a trial on November 22, 1996. Defendant John Doe was not called as a witness in the Roe trial for strategic reasons, however, the Government claims Defendant John Doe corroborated other evidence used to convict Roe. Mr. Roe appealed his conviction, but this appeal was denied by the United States Court of Appeals.

On June 28, 1999, approximately one month following the Sixth Circuit's decision on Mr. Roe's appeal, but over two and a half years after Defendant John Doe was sentenced, the Government filed the present Motion for Reduction in Sentence on behalf of Defendant John Doe. The Government indicated it delayed in filing the motion until the Roe appeal was complete in case Roe prevailed on his appeal and had to be retried and Defendant John Doe was needed to testify at the retrial.

The Court held a hearing on the Government's Motion on September 24, 1999. At the hearing, the Court raised the issue of whether it had jurisdiction to hear the motion since it was filed more than one year after Defendant was sentenced, in apparent violation of the time limits set out in Rule 35(b). The Court took the Motion under advisement and allowed the parties additional time to brief the issue. As the issue is now ripe, the Court issues its ruling.

## II. *DISCUSSION*

Rule 35(b) states in pertinent part:

If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person .... The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial

assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed.

*Fed.R.Crim.P.* 35(b). The Advisory Committee notes to the 1991 amendment (the most recent amendment) provide guidance on the application of the exception to the one year time limit for filing motions for sentence reductions:

The [1991] amendment also recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For example, the defendant may not have obtained information useful to the government until after the time limit had passed. In those instances the trial court in its discretion may consider what would otherwise be an untimely motion if the government establishes that the cooperation could not have been furnished within the one-year time limit. In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.

The United States Court of Appeals for the Sixth Circuit has not addressed the specific issue of whether a court may consider a Rule 35(b) motion filed more than one year after the Defendant has been sentenced when the Defendant's assistance occurred within one year, however the Courts of Appeals for the First, Fourth, Seventh, and Eleventh Circuits have instructive case law in this area. To date, the First Circuit stands alone in adopting a liberal interpretation of the Rule. Each of the other Circuits addressing the issue have rejected this broad reading, instead finding the plain meaning of Rule 35(b) unambiguously restricts a court's jurisdiction to consider only motions filed within one year or which fall within the delineated exception to this rule.

In *United States v. McDowell*, 117 F.3d 974 (7th Cir.1997) the government filed a Rule 35(b) motion over 16 months after the defendant was sentenced. The court held a district court lacks the power to grant a Rule 35(b) motion where the government has not filed the motion within the one-year period

and there is no indication the exception to the one-year rule has been satisfied. *Id.* at 980. The court found the timing issue to be jurisdictional, and based its decision upon the plain language of the statute as well as practical considerations:

> Because only the government now may file Rule 35(b) motions, an interpretation of the Rule that permitted the government to "waive" the time limit would render the deadline ineffectual. Presumably, the government would never invoke the one-year rule to defeat its own motion; nor, for obvious reasons, would the defendant. It is therefore difficult to conceive of a regime under which it would be the responsibility of the parties to monitor the government's compliance with Rule 35(b).

*Id.* at 979–80.

In *United States v. Carey,* 120 F.3d 509 (4th Cir.1997), *cert. denied,* 522 U.S. 1120, 118 S.Ct. 1062, 140 L.Ed.2d 122 (1998), helpful information was known to the defendants within one year of sentencing, but the investigation with which defendants cooperated did not begin until more than one year after sentencing. The court found in this situation, the district court could not act on the Rule 35(b) motion since it was filed more than one year after sentencing. As in this case, the parties urged a relaxed interpretation of Rule 35(b). The court reasoned:

> We recognize the appeal of the argument in which both parties join, that a liberal reading of Rule 35 would serve the government's interest in obtaining the defendants' cooperation to be able to bring other law breakers to justice and the defendants' interest in receiving reduced sentences. Insofar as the policy of Rule 35 applies to the parties, therefore, their interpretation of Rule 35 would yield a win-win result. The argument, however, overlooks any purpose that the rule might serve beyond the immediate interests of the parties now before use. If the rule had only intended to further the policy of cooperation in exchange for sentence reductions, it would not have imposed the one-year limitation. That policy would be served with equal force two or three years

after sentencing or without regard to the time passed since sentencing.

> While Rule 35 includes the policy of rewarding cooperative defendants, the one-year limitation reflects the rule's additional policy of bringing finality to sentencing at some point in time and of frustrating manipulation by defendants....

> The one-year limitation also provides an incentive to defendants to come forward promptly with all that they know about illegal conduct, regardless of whether they appreciate its value to the government.

*Id.* at 511–12. The court found no need to consult the advisory committee notes because the court found the language of the rule unambiguous. *Id.* at 512.

The most recent pronouncement on this issue comes from the Eleventh Circuit in *United States v. Orozco,* 160 F.3d 1309 (11th Cir.1998). In this case, the government moved for a sentence reduction more than four years after sentencing. The defendant had provided information which was known to him prior to sentencing, but which was not useful to the government until more than one year after the defendant was sentenced. In accordance with the rulings from the Fourth and Seventh Circuits, the court found the district court had no jurisdiction over the motion. The court intimated, however, Congress may want to amend the rule to address the "apparent unforseen situation presented in this case where a convicted defendant provides information to the government prior to expiration of the jurisdictional, one-year period from sentence imposition, but that information does not become useful to the government until more than a year after sentence imposition." *Id.* at 1316 n. 13; *see also id.* at 1317–18 (Hill, J. concurring and Kravitch, J. concurring) (urging an amendment to Rule 35(b)).

As stated earlier, the First Circuit stands alone in its broad interpretation of the Rule 35(b) time limits. *United States v. Morales,* 52 F.3d 7 (1st Cir.1995). In this case, the district court determined it did not have jurisdiction to reduce the defendant's sentence pursuant to Rule 35(b) because the information provided to the government was known to the defendant at the time of her sentence

although the defendant's cooperation took place more than a year after sentencing. The First Circuit interpreted the language of the statute "not known" more broadly than the district court and reversed. The court stated:

> Manifestly, the purpose for denying value to retained knowledge is to induce immediate full disclosure. If, however, a defendant had not disclosed information simply because she was not asked, or was otherwise unaware of its value, there is no reason she should be restricted; nothing would be served by rejecting later use when a value became apparent. Rather, to deny a benefit to late disclosure in such circumstances would be contrary to the rule's purpose. The Advisory Committee notes to the 1991 amendment speak of information "useful to the government." This appears to be a novel question, but we hold that until becoming aware of its value, or being specifically asked, a defendant cannot be said to "know" useful information.

*Id.* at 8.

Despite the guidance from the above cases, the Court continues to struggle with application of the Rule 35(b) time limits to the present case. The case *sub judice* differs in some respects from the above cited cases. Whereas in the cases from other jurisdictions the defendant had information or knowledge and was simply not asked, or the knowledge was not useful to the government, in this case, Defendant John Doe provided information in a prompt manner, and this information was apparently used by the government in a subsequent prosecution of Defendant Roe. However, the government simply failed to file a timely Rule 35(b) motion, because it felt Defendant John Doe's cooperation may still be necessary in the event Defendant Roe's appeal was successful and his case was retried.

In the Court's view, it is manifestly unfair the defendant did not receive the benefit of the cooperation because of the government's failure to act. Although the decision to file the Rule 35(b) motion is of course within the government's discretion, it appears unreasonable for the government to lead the defen-

dant to believe it will act on the defendant's behalf and then deny the defendant the benefit of his cooperation because the government either purposely or inadvertently let the time period run before so doing. However as one court has pointed out, "[Rule 35] contains no such 'equitable' exception; to the contrary, its time limits are 'unequivocal[ ]' and 'jurisdictional in nature.'" *United States v. Villafranco*, 971 F.Supp. 1481, 1482 (S.D.Ga. 1997) (quoting *McDowell*, 117 F.3d at 978); *see also Fed.R.Crim.P.* 45(b) (even if the Government demonstrates that its failure to act "was the result of excusable neglect ... the court may not extend the time for taking any action under Rule[ ] ... 35, except to the extent and under the conditions stated in [that Rule]").

In spite of the above stated concerns and although the Court sympathizes with Defendants' situation in this case, the Court concludes, in accordance with the majority of Circuit court opinions on this issue, the government's failure to file a timely motion for sentence reduction is a jurisdictional bar to the Court's ability to consider the motion. The plain language of Rule 35(b) does not account for the present situation, and the Court does not find any persuasive authority for abandoning the plain language and adopting an expansive interpretation of the Rule. As stated by the Seventh Circuit, if the Government could file a sentence reduction motion at any time after sentencing, the time limits included in the Rule would be superfluous.

The Court agrees with the Eleventh Circuit that Congress may wish to amend the rule to address the situation where a defendant forthrightly provides valuable information which does not become useful until more than one year after the defendant's sentencing or where the Government negligently fails to comply with the time limits. However, until any such amendment takes place, "whether [the Court] agree[s] with all of the policy considerations or whether [Rule 35(b)] effectively addresses them, [the Court] is bound to apply the rule in the manner in which it was written." *Carey*, 120 F.3d at 512.

Since the authority and discretion to file Rule 35(b) motions rests solely in the hands of the Government, the Court exhorts the Government in the future to be more conscientious of the time limits which apply to this Rule. *See Villafranco*, 971 F.Supp. at 1482 ("the fact that only the Government can move for a reduction of sentence requires greater sensitivity to Rule 35(b)'s time bar than was exhibited here"). Until such time as Congress decides to amend the rule, in the future the Court suggests the Government preserve the issue by filing its motion within the one year time period if it anticipates information learned from a defendant may become useful at a later date. The government can then notify the Court if and when a hearing on the motion becomes necessary. If unnecessary, the government may simply withdraw its motion and no harm is done. Since the Court is not required to rule on the motion within one year,[2] all purposes and benefits of the rule are achieved as Defendants are encouraged to expeditiously provide all known information, yet Defendants are not prejudiced if the information provided does not become useful until more than one year after sentencing.[3]

## IV. *CONCLUSION*

In light of the unambiguous text of Rule 35(b) and the holdings of the majority of courts addressing this issue, the Court finds it does not have jurisdiction to address the merits of a Motion for Sentence Reduction filed by the Government more than one year after Defendant has been sentenced and which does not fall within the exceptions to this rule.

---

2. The Advisory Committee Notes to 1991 Amendment state:

   Under the 1987 amendment, the trial court was required to rule on the government's motion to reduce a defendant's sentence within one year after imposition of the sentence. This caused problems, however, in situations where the defendant's assistance could not be fully assessed in time to make a timely motion which could be ruled upon before one year had elapsed. The amendment requires the government to make its motion to reduce the sentence before one year has elapsed but does not require the court to rule on the motion within the one year limit. This change should benefit both the government and the defendant and will permit completion of the defendant's anticipated cooperation with the government. Although no specific time limit is set on the court's ruling on the motion to reduce the sentence, the burden nonetheless rests on the government to request and justify a delay in the court's ruling.

3. The Court notes Defendant is not completely prejudiced by the Government's failure to file a timely Rule 35(b) motion as Defendant already received to some degree the benefits of his cooperation. The Government filed a motion for a downward departure before Defendant's sentencing and the Court granted the Government's motion, reducing Defendant's sentence significantly based upon his substantial assistance to the Government.