**UNITED STATES of America, Plaintiff,**

v.

**Avram L. GOTTLIEB, Defendant.**

**No. 95–40023–01–DES.**

United States District Court, D. Kansas.

Feb. 25, 2000.

Greg Hough, Asst. U.S. Atty., Topeka, KS, for U.S.

Avram L. Gottlieb, defendant pro se.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on defendant's Motion to Compel Govt. To File Rule 35 (Doc. 216). The defendant is seeking a court order directing the government to file a motion for downward departure pursuant to Fed.R.Crim.P. 35. Both parties have submitted briefs on this matter and the court is now ready to rule.

## I. FACTUAL BACKGROUND

The defendant has filed this motion seeking a second downward departure on his sentence based upon assistance he has given the federal authorities during his incarceration. The defendant claims that he has provided the authorities with information leading to the arrest and investigation of several individuals based on the belief that he would receive a downward departure on his sentence. The government has presented evidence that shows the defendant was never promised a request for sentence reduction and that some of his alleged assistance never took place. The government has also shown that it has never been contacted by any of the federal authorities for whom the defendant did provide assistance concerning a downward departure based upon such assistance.

## II. STANDARD FOR A RULE 35 DOWNWARD DEPARTURE

■■■■ The court has the authority to grant a downward departure more than one year after the defendant has been sentenced upon motion by the government showing that the assistance was based upon information not known to the defendant at the time of the sentencing. Fed. R.Crim.P. 35(b). A downward departure cannot be given absent a motion by the government unless the defendant can show that a refusal to file a motion is based upon an unconstitutional motive or is not rationally related to a legitimate government objective. *Wade v. U.S.,* 504 U.S. 181, 184–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). A mere showing that substantial assistance has been given is not sufficient to grant a downward departure under Rule 35 without the government's filing of a motion. *Id.* at 186, 112 S.Ct. 1840. Without a showing of an unconstitutional motive, a claim that the defendant provided substantial assistance will not entitle the defendant to relief or even to discovery or an evidentiary hearing with respect to efforts to obtain a downward departure. *United States v. Lezine,* 166 F.3d 895, 900–01 (7th Cir. 1999).

## III. ANALYSIS

■■■ The court finds that the current motion must be denied. Although it is apparent from both the defendant's motion and the government's response that the defendant has provided some assistance to federal authorities, which has resulted in at least one arrest, there is no showing by the defendant that the government's refusal to file a motion for downward departure is unconstitutionally motivated. Similarly, the defendant has not shown any evidence that the failure to file a motion is not rationally related to a legitimate government objective. The defendant has already received one downward departure in this case as a result of the government's earlier motion for downward departure. The fact that the government does not feel as though the defendant's further assistance is worthy of an additional motion for downward departure is no basis for granting the relief sought in this motion.

## IV. CONCLUSION

The defendant has failed to demonstrate that he is entitled to the relief sought in this motion. Although it does appear that he has given some assistance to the federal authorities, there is compelled to file a motion for downward departure pursuant to Rule 35. Therefore, the motion will be denied.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendant's Motion to Compel Govt. To Rile Rule 35 (Doc. 216) is denied.