UNITED STATES of America, Plaintiff,

v.

Carl MARSHALL, Defendant.

No. 93–20048–01–JWL.

United States District Court,
D. Kansas.

Nov. 3, 2000.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On October 5, 1993, a jury convicted Carl Marshall of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) (Counts 4, 5, 6).

On December 16, 1993, this court sentenced Mr. Marshall to life imprisonment on Count 1, 240 months on Count 4, and 480 months on each of Counts 5 and 6, with all counts to be served concurrently. Mr. Marshall now seeks a reduction of his sentence pursuant to Fed. R. Cr. P. 35(b), based on the assistance that he has provided the government in the time following sentencing. For the reasons stated below, Mr. Marshall's "Motion for Reduction of Sentence and for Order Requesting Correspondence from United States Attorney's Office, Seattle Washington" (Doc. 445) is denied.

- **Background**

Within a year of his sentencing, the government approached Mr. Marshall and asked for his assistance in their crime-fighting efforts. Mr. Marshall agreed to be interviewed by agents of the Federal Bureau of Investigation (F.B.I.) and Drug Enforcement Administration (D.E.A.) and signed an agreement which stated:

I have agreed to be interviewed by the FBI and the DEA regarding my knowledge of criminal activities in Kansas City, Kansas, and elsewhere. I understand that I am participating voluntarily in this process, and understand further that no promises of any kind have been made to me.

I also understand that if the information I provide proves to be of value to the FBI or the United States Attorney's office, it is possible that a motion for reduction of sentence could be filed by the government. I also understand that the decision to file this motion rests in the sole discretion of the United States Attorney's Office, and that no motion will be filed unless a prosecutable case (or cases) is developed based upon this information.

During the course of the September 20, 1994 interview, Mr. Marshall informed the agents that he had purchased cocaine on multiple occasions from a man named Jeremiah Hoskins, who owned a house in Seattle, Washington.

Nearly two and one-half years later, Mr. Marshall was contacted by Francis Diskin, Assistant United States Attorney (AUSA) for the Western District of Washington, who was preparing to prosecute Mr. Hoskins. According to AUSA Diskin, Mr. Marshall was "cooperative and helpful" in providing the government information about Mr. Hoskins' drug sales. Mr. Marshall even testified as a government witness in Mr. Hoskins' June, 1997 trial. The government concedes that Mr. Marshall's testimony was "helpful and substantial," and Mr. Hoskins was eventually convicted of conspiracy to distribute cocaine. Mr. Marshall now contends that his cooperation with the United States Attorney's Office in Seattle, Washington entitles him to a reduced sentence pursuant to Fed. R. Cr. P. 35(b).

- **Discussion**

Fed. R. Cr. P. 35(b), which permits a sentencing court to reduce a sentence in limited instances to account for changed circumstances, states in relevant part:

If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 944. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed.

The language of the rule foreshadows the two largest impediments blocking the court from granting Mr. Marshall's motion. First, Rule 35(b) allows the court to reduce a sentence "if the *Government* so moves." Here it is Mr. Marshall, not the government, who has so moved. Second, Rule 35(b) requires that the motion be made "*within one year* after the sentence is imposed," unless the defendant's assistance involves information not known to him within one year of the time of sentencing. Here, Mr. Marshall filed his motion nearly six and one-half years after his sentencing and does not dispute that the information was known to him at the time of sentencing. The court will address these impediments in turn.

● **The Absence of a Government Motion**

First, the Tenth Circuit has adopted the position that the filing of a motion by the government is a jurisdictional prerequisite to the court's consideration of a Rule 35(b) motion for reduction of sentence. *See United States v. Perez,* 955 F.2d 34, 35 (10th Cir.1992). "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." *United States v. Blackwell,* 81 F.3d 945, 948 (10th Cir.1996). Moreover, the government has the discretion to refuse to file a Rule 35(b) motion. *See Perez,* 955 F.2d at 36; *United States v. Hernandez,* No. 92–40005–02–DES, No. 97–3073–DES, 1998 WL 164795, at *1 (D.Kan. March 11, 1998). The court may only review a prosecutor's refusal to file a Rule 35(b) motion for abuse of discretion in three narrow situations: "(1) if the refusal violates an agreement with the government, (2) if the refusal was based on an unconstitutional motive such as the defendant's race or religion, or (3) in an egregious case ... where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." *United States v. Cerrato–Reyes,* 176 F.3d 1253, 1264 (10th Cir.1999) (internal citations omitted); *see also, United States v. Evans,* 82 F.3d 427, 1996 WL 167484, at *4 (10th Cir.1996).

The government has exercised its discretion to not file a motion for a Rule 35(b) reduction of Mr. Marshall's sentence. Mr. Marshall does not allege that the government's refusal to file a motion was based on suspect reasons such as his race or religion. Rather, Mr. Marshall asserts that the government breached the agreement signed on September 20, 1994, and that this is an egregious instance in which the prosecutor stubbornly refuses to file a motion despite Mr. Marshall's assistance. The court disagrees with both of Mr. Marshall's contentions.

Mr. Marshall maintains that the government breached the agreement that Mr. Marshall signed before his interview on September 20, 1994 by refusing to file a motion for a reduction of sentence after Mr. Mar-

shall provided substantial information which aided in the prosecution of Jeremiah Hoskins. The court does not dispute the value of the information provided by Mr. Marshall nor the usefulness to the government of Mr. Marshall's testimony at Mr. Hoskins' trial, but the court finds no basis for interpreting the agreement to require the government to file a Rule 35(b) motion. Although Mr. Marshall may have *hoped* that his cooperation would result in a lower sentence, he clearly recognized in the agreement that he was "participating voluntarily" in the interview and that "no promises of any kind [had] been made" to him. Moreover, while the agreement stated that "no motion will be filed unless a prosecutable case (or cases) is developed based upon this information," it did not provide the converse-that a motion *would* be filed if a prosecutable case was developed. Indeed, Mr. Marshall agreed that he understood that "the decision to file this motion rests in the sole discretion of the United States Attorney's Office." *Cf. U.S. v. Hernandez,* 1998 WL 164795, at *2 (finding that the government did not breach an agreement by not filing a Rule 35(b) motion where the agreement stated, "the decision to file this Rule 35(b) motion ... is a matter that resides in the sole and exclusive discretion of the United States Attorney for the District of Kansas."). As the government clearly retained discretion to file a Rule 35(b) motion, the court does not find that the government breached the September 20, 1994 agreement.

Likewise, the court does not find that the facts here establish that this is an "egregious case" in which the government "stubbornly refuses" to file a Rule 35(b) motion despite "overwhelming evidence" that Mr. Marshall's assistance has been so substantial "as to cry out for meaningful relief." *See United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990). While the Tenth Circuit has "not preclud[ed] the possibility" that such a case could exist, the Circuit has also held that "such a case should be rare because there are significant institutional incentives for the prosecution to exercise sound judgment and to act in good faith." *Id.* (noting that the "reasonable use of substantial assistance motions for those who cooperate will

make others more likely to do so in the future"). In fact, Mr. Marshall has not cited, and the court has not found, any opinion in which a court has found that egregious circumstances warrant the finding of abuse of prosecutorial discretion in refusing to file a substantial assistance motion. *Cf. Evans,* 82 F.3d 427, 1996 WL 167484, at 6 ("Nor does the record before us present an egregious case."); *Kuntz,* 908 F.2d at 657 ("We do not have such [an egregious] situation before us.").

The only argument made by Mr. Marshall in support of a finding that this is a "rare," "egregious case" is that he "fulfilled each of the conditions" of the September 20, 1994 agreement, but that the government nonetheless has refused to file a Rule 35(b) motion. The Supreme Court has held, however, that a mere showing of substantial assistance by a defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the government. *See Wade v. United States,* 504 U.S. 181, 187, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *United States v. Gottlieb,* 89 F.Supp.2d 1232, 1233 (D.Kan.2000). The Court recognized that the government's decision not to file a motion may appropriately be based on "its rational assessment of the cost and benefit that would flow from moving." *Wade,* 504 U.S. at 187, 112 S.Ct. 1840. The government appears to be taking this basis into consideration in the instant case. The government states that it will not file a Rule 35(b) motion for reduction of sentence because such a request is barred by the one year time limit set out in Rule 35(b); as a Rule 35(b) motion would thus be futile, no benefit would flow from so moving. As discussed in the following paragraphs, the court agrees with the government's analysis of the time limitation in Rule 35(b). Therefore, the court does not find that the government's refusal to file a motion is based on either the "stubbornness" of the prosecutor or on, what Mr. Marshall

calls, the "manipulation of a subjective time line," and the court will not disturb the government's decision. For the sole reason that the government has decided not to file a Rule 35(b) motion, with no evidence that the government's decision was made in bad faith, the court could deny Mr. Marshall's motion. The court, however, also looks to the second impediment blocking the court from granting Mr. Marshall's Rule 35(b) motion—its untimeliness.

● **The Untimeliness of Defendant's Motion**

■ The plain language of Rule 35(b) only grants the court the power to reduce a defendant's sentence when a motion is filed "within one year after the sentence is imposed."[1] Fed. R. Cr. P. 45(b) includes Rule 35 among those rules for which "time for taking any action ... [may not be extended] except to the extent and under the conditions stated in them." *See Evans,* 82 F.3d 427, 1996 WL 167484, at *5 (recognizing Rule 45(b)'s mandate that "time limits in Rule 35 may not be extended"). Moreover, the Tenth Circuit has taken a literal approach to the Rule 35(b) one year time limit. *See Evans,* 82 F.3d 427, 1996 WL 167484, at *5. In *Evans,* the defendant argued that a Rule 35(b) motion could be filed outside the one year time limit if a defendant rendered assistance "as early as possible." *Id.* The Circuit concluded that "Evans' argument conflicts with the rule's plain language, requiring us to reject it out of hand." *Id. (citing Resolution Trust Corp. v. Westgate Partners, Ltd.,* 937 F.2d 526, 531 (10th Cir.1991), which held that "courts should follow the literal language of a statute when it is clear"). *See also, United States v. Kopp,* No. 93–20096–04–EEO, 1998 WL 289349, at *4–5 (D.Kan. May 1, 1998) (rejecting defendant's argument for the application of Rule 35(b)—where defendant's motion was filed more than one year after defendant's sentencing—based on the Tenth Circuit's

1. While Rule 35(b) also provides that a "court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed," Mr. Marshall does not dispute that the information which he provid-ed to the government was known to him at the time of his sentence. A review of the notes taken by F.B.I. Agent Alan Jennerich during the September 20, 1994 interview further demonstrates that Mr. Marshall provided information regarding purchases of drugs from Mr. Hoskins before Mr. Marshall's sentencing.

"literal reading of Rule 35(b)'s one-year requirement"); *United States v. Carey*, 120 F.3d 509, 511–12 (4th Cir.1997) (finding that "we are bound to follow the rule as written" and upholding district court's holding that it had no authority to consider a motion filed more than a year after sentencing); *United States v. McDowell*, 117 F.3d 974, 980 (7th Cir.1997) ("[W]e hold that a district court lacks the power to grant a Rule 35(b) motion where the government has not filed a motion within the one-year period. . . ."); *United States v. Orozco*, 160 F.3d 1309, 1313 (11th Cir.1998) ("[T]he time period stated within the rule for the government to file a Rule 35(b) motion is jurisdictional."). *But see, United States v. Morales*, 52 F.3d 7, 8 (1st Cir.1995) (reading Rule 35(b) liberally and holding that a defendant does not "know" useful information until he becomes aware that the information is of value to the government).

The court sentenced Mr. Marshall on December 16, 1993. Mr. Marshall provided the government with helpful information regarding Mr. Hoskins on September 20, 1994, within one year of the imposition of Mr. Marshall's sentence. A Rule 35(b) motion was not filed, however, until May 9, 2000, nearly six and one-half years after the imposition of Mr. Marshall's sentence. The motion was clearly untimely under the plain language of Rule 35(b).

Despite the language of the rule and the Tenth Circuit's literal reading of the rule, however, Mr. Marshall asserts that "the one-year limitation does not apply to when the government used the information but rather when it was tendered." Mr. Marshall cites no authority for this bold assertion, nor has the court uncovered a case which holds that a Rule 35(b) motion is timely, even if filed one year or more after sentencing, so long as it is based on assistance provided by a defendant within one year of sentencing. To the contrary, courts confronted with this situation have rejected such a motion as untimely. In *Orozco*, the defendant provided the government with information regarding the criminal activities of a man named Armando Rodriguez within one year of the defendant's sentencing. 160 F.3d at 1312. The information

provided, however, "was not useful in prosecuting Rodriguez until over a year after the imposition of [the defendant's] sentence;" the defendant did not testify against Rodriguez until approximately four years after the defendant's sentence became final. *Id.* at 1312, 1315. Under these circumstances, the Eleventh Circuit upheld the district court's finding that it had no jurisdiction to consider the Rule 35(b) motion, filed only after the defendant's testimony helped to convict Rodriguez. *See id.* at 1312–15. Likewise, the Seventh Circuit in *McDowell* held that "Rule 35(b)'s timing requirement acts as a constraint on the district court's power to modify a previously imposed sentence," even when the defendant provided useful information from before the time of sentencing onward. 117 F.3d at 978, 980. While Mr. Marshall may be justified in believing that the government unfairly "manipulat[ed] a subjective time line" by not filing a Rule 35(b) motion after Mr. Marshall provided useful information about Mr. Hoskins but within one year of Mr. Marshall's sentencing, Rule 35(b) contains no equitable exception to the one year time limit. *See United States v. Doe*, 190 F.R.D. 445, 448 (E.D.Tenn.1999) (no equitable exception to aid the defendant who provided useful information in a timely manner where "the government simply failed to file a timely Rule 35(b) motion"); *United States v. Villafranco*, 971 F.Supp. 1481, 1482 (S.D.Ga. 1997) (no equitable exception to aid the defendant where the government filed a Rule 35(b) motion within one year of the defendant's assistance but not within one year of the defendant's sentencing). Defendant's Rule 35(b) motion is clearly untimely under both the plain language of the rule and the Tenth Circuit's, as well as the majority of circuits', interpretation of the rule. The impact of Rule 35(b)'s one year requirement may seem to be unduly harsh on some defendants and it might even prove to be an impediment to the government obtaining cooperation from convicted individuals in lengthy investigations, but it is for the rule's drafters to amend the rule if that be their judgment; it is not the court's place to circumvent the rule, whatever its opinion may be.

The second portion of Mr. Marshall's order requests "correspondence from United States Attorney's office, Seattle Washington [sic]." In light of the court's finding that it lacks jurisdiction to reduce Mr. Marshall's sentence without the filing of a motion by the government, and its finding that, in any event, the motion filed by Mr. Marshall was untimely, the court denies Mr. Marshall's request for correspondence. Such correspondence, no matter how favorably it were to speak of Mr. Marshall, would not change the result in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Marshall's Motion for Reduction of Sentence and for Order Requesting Correspondence from United States Attorney's Office, Seattle Washington (Doc. 445) is denied.

**IT IS SO ORDERED.**